## Commonwealth v. Mull

*T. McK. Chidsey*, Attorney General, *Marley W. Baker*, Special Deputy Attorney General, and *John W. Beyer*, Assistant District Attorney, for Commonwealth.

*Ralph W. Eby, Jr.*, for defendant.

WISSLER, J., May 28, 1948.—Defendant has moved to quash the indictment which charges that he did, at divers times within the last two years, between January 20, 1947, and April 28, 1947, "feloniously and unlawfully, by false pretense, obtain from the Bureau of Employment and Unemployment Compensation, Department of Labor and Industry of the Commonwealth of Pennsylvania, money in the sum of $270.00, with intent to cheat and defraud the said Bureau of Employment and Unemployment Compensation, Department of Labor and Industry of the Commonwealth of Pennsylvania, of the same." This indictment is based on section 836 of The Penal Code of June 24, 1939, P. L. 872, as amended by the Act of May 21, 1943, P. L. 306, sec. 1 (18 PS §4836), wherein cheating by fraudulent pretense is made a felony.

Defendant contends that under the complaint the acts which he is accused of committing are obtaining

unemployment compensation benefits by making a false representation specifically provided for by the Unemployment Compensation Law of December 5, 1936, P. L. (1937) Spec. Sess. 2897, sec. 801 (43 PS §871), which provides:

"Whoever makes a false statement or representation knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any compensation or other payment under this act, either for himself or for any other person, shall, upon conviction thereof in a summary proceeding, be sentenced to pay a fine of not less than twenty nor more than fifty dollars, and in default of the payment of such fine and costs shall be sentenced to imprisonment for not longer than thirty days, and each such false statement or representation or failure to disclose a material fact shall constitute a separate offense."

Defendant's argument is based upon two premises: (1) That the offense for which defendant stands indicted is the same offense punishable under section 801 of the Pennsylvania Unemployment Compensation Law, and (2) that the offense for which defendant stands indicted is a new offense defined for the first time in section 801 of the Pennsylvania Unemployment Compensation Law. In support of this argument defendant relies on the decision of the Supreme Court in Commonwealth v. Brown, 346 Pa. 192 (1943), in which it was held that a defendant who made false statements to a nomination paper required under section 1813 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, must be prosecuted under its penal provisions and may not be prosecuted and convicted under section 322 of The Penal Code of 1939 (18 PS §4322), providing in general for cases of willful false swearing, and at page 197 the court said:

". . . It is not to be presumed or inferred that the legislation intended to provide for two different prosecutions for the same identical offense, prosecutions

which provide widely divergent penalties in the event of convictions. The *same act* which is made a misdemeanor in the Election Code is made a felony under the Penal Code, if that code is held to be applicable to specific cases such as this. . . ."

The instant case, it seems to the court, is clearly distinguishable in that section 836 of The Penal Code and section 801 of the Pennsylvania Unemployment Compensation Law provide for entirely different offenses. It has been repeatedly held that in order to bring a case within section 836 of The Penal Code there must not only be shown (1) false pretense as to an existing fact; (2) obtaining property by it, and (3) an intent to defraud but also that each must occur in order to sustain a conviction. While under section 801 of the Pennsylvania Unemployment Compensation Act the only element necessary to sustain a conviction is the making of a false statement, or failure to disclose a material fact. What we have in the case at bar is not two irreconcilable provisions as in Commonwealth v. Brown, supra, where there were two different prosecutions for the same identical offense, but the same facts creating two separate and distinct offenses; the one for making a false statement, knowing it to be false, punishable under section 801 of the Pennsylvania Unemployment Compensation Law, the other for obtaining money with intent to defraud by the false pretense of an existing fact (each of which must occur) punishable under section 836 of the Penal Code. Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not: Commonwealth v. Falls and Sykes, 107 Pa. Superior Ct. 129 (1932) ; Carter v. McClaughry, 183 U. S. 365 (1902).

Applying this test to the case at bar, we have the requirement of proof of two additional facts, which the proof under section 801 of the Pennsylvania Unemployment Compensation Act does not require. For the application of the same principle as to a similar provision under the Public Assistance Law of June 24, 1937, P. L. 2051, sec. 13; see Commonwealth v. Miller, 39 D. & C. 433 (1940).

And now, May 28, 1948, the rule to show cause why the indictment should not be quashed is dismissed.