## Commonwealth v. Wright

*Anthony L. Differ*, for Commonwealth.

*Robert W. Honeyman*, for defendant.

FORREST, J., November 21, 1949.—Defendant was indicted under section 836 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4836, as amended, which provides as follows:

"Whoever, by any false pretense, obtains the signature of any person to any written instrument, or obtains from any other person any chattel, money, or valuable security, with intent to cheat and defraud any person of the same, or being an officer, manager, agent, employe of or in any way interested in any person, by false pretense, knowingly and with intent to defraud, procures, obtains, or aids, assists, or abets in obtaining from any other person, any chattels, moneys, or valuable securities for such person of which he is an officer, manager, agent, employe or in which he is in any way interested, is guilty of a felony, and on conviction, shall be sentenced to pay a fine not exceeding five thousand dollars ($5,000), or undergo imprisonment not exceeding five (5) years, or both."

Defendant contends that if he is to be prosecuted at all, he should be prosecuted under article 8, sec. 801

of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended, 43 PS §871, which provides as follows:

"Whoever makes a false statement or representation knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any compensation or other payment under this act, either for himself or for any other person, shall, upon conviction thereof in a summary proceeding, be sentenced to pay a fine of not less than twenty nor more than fifty dollars, or shall be sentenced to imprisonment for not longer than 30 days, or both, and each such false statement or representation or failure to disclose a material fact shall constitute a separate offense."

The information in this case reads as follows:

"James Wright, Social Security No. 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, 20 West Oak Street, Norristown, did on or about April 12, 1948, and at other times, wilfully, unlawfully and feloniously, state to representatives of the Bureau of Employment and Unemployment Compensation of Commonwealth of Pennsylvania, that he, James Wright, was then and there totally unemployed and entitled to unemployment compensation, whereas in truth and in fact the said James Wright was not then and there unemployed and was not entitled to unemployment compensation and as a result of which false and fraudulent statements the said James Wright received from the Bureau of Employment and Unemployment Compensation 9 different checks of $10.00 or a total of $180.00 with intent to cheat and defraud the said Bureau of Employment and Unemployment Compensation out of said sum of money, contrary to Act of General Assembly in such case made and provided."

It is the contention of defendant that since the Unemployment Compensation Law provided a penalty for a specific offense and The Penal Code was general in

its provisions, the former should prevail. Under the decision in Commonwealth v. Brown, 346 Pa. 192 (1943), the Supreme Court ordered defendant discharged after having been convicted of perjury under section 322 of The Penal Code of 1939, it being charged that he had perjured himself in regard to an election. That case is quite different from the instant one, for there, as is pointed out by the court on page 197, "The *same act* which is made a misdemeanor in the Election Code is made a felony under the Penal Code, if that code is held to be applicable to specific cases such as this."

Here defendant has done more than that which is made a crime under the Unemployment Compensation Law, for he has received money as a result of his misrepresentations. Under the penal provision of the Unemployment Compensation Law, it is only necessary that it be proven that defendant "makes a false statement or representation knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any compensation or other payment under this act". It is not necessary that he shall have obtained any further compensation as a result of this misrepresentation. The fact that this offense is a matter of summary proceeding and that the penalty provided is a fine of not less than $20 nor more than $50 and imprisonment for not more than 30 days, indicates that the legislature intended only those who merely made their misrepresentations were to be prosecuted under this act, not those who obtained the "compensation". The charge of cheating by fraudulent pretenses contained in section 836 of The Penal Code is definitely a more serious charge and there you must prove three things, one, that defendant made a false pretense; two, that he obtained "any chattels, money or valuable securities"; and three, that he intended to

"cheat and defraud any person of the same". So, we see that the case of Commonwealth v. Brown, 346 Pa. 192 (1943), is not in point.

We are not alone in our conclusion in this respect. In Commonwealth v. Mull, 64 D. & C. 103 (1948), the same argument was made on a motion to quash a bill of indictment for the same offense. Judge Wisler, in a well-considered opinion, said (p. 105):

"The instant case, it seems to the court, is clearly distinguishable in that section 836 of The Penal Code and section 801 of the Pennsylvania Unemployment Compensation Law provide for entirely different offenses. It has been repeatedly held that in order to bring a case within section 836 of The Penal Code there must not only be shown (1) false pretense as to an existing fact; (2) obtaining property by it, and (3) an intent to defraud, but also that each must occur in order to sustain a conviction; while under section 801 of the Pennsylvania Unemployment Compensation Act the only element necessary to sustain a conviction is the making of a false statement, or failure to disclose a material fact. What we have in the case at bar is not two irreconcilable provisions as in Commonwealth v. Brown, supra, where there were two different prosecutions for the same identical offense, but the same facts creating two separate and distinct offenses; the one for making a false statement, knowing it to be false, punishable under section 801 of the Pennsylvania Unemployment Compensation Law, the other for obtaining money with intent to defraud by the false pretense of an existing fact (each of which must occur) punishable under section 836 of the Penal Code. Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof

of an additional fact which the other does not: Commonwealth v. Falls and Sykes, 107 Pa. Superior Ct. 129 (1932); Carter v. McClaughry, 183 U. S. 365 (1902)."

The motion should be dismissed.

And now, November 21, 1949, the motion to quash the indictment is dismissed.