## Commonwealth, Appellant, v. Buzak et al.

Argued December 11, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Solomon Lubin,* Assistant District Attorney, with him *Stephen A. Teller,* District Attorney, *Julius Altman,* Special Assistant Attorney General, *Morley W. Baker,* Assistant Attorney General, and *David Stahl,* Attorney General, for Commonwealth, appellant.

*Joseph J. Savitz,* with him *Rosenn, Jenkins & Greenwald,* for appellees.

OPINION BY ERVIN, J., March 21, 1962:

The sole question presented in these appeals is whether a defendant who knowingly makes a false representation, thereby obtaining compensation under the Unemployment Compensation Law, as amended in 1955, which provides for conviction in a summary proceeding, may be indicted for a felony under The Penal Code.

On March 8, 1961 the appellee, Bernard S. Buzak, and ten other defendants were separately indicted on the charge of false pretenses under §836 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4836. The indictments charged appellees with having obtained from the Bureau of Employment Security, Department of Labor and Industry of the Commonwealth of Pennsylvania, on specific dates and divers other times, a sum certain as a result of unlawfully, falsely and fraudulently pretending to its representatives that they were then totally unemployed and entitled to unemployment compensation.

On June 28, 1961 the court below quashed the indictments, it having been agreed that the decision of the court pertaining to the appellee Buzak would be controlling upon all of the appellees. The Commonwealth then took these eleven appeals.

Section 836 of The Penal Code provides: "Whoever, by any false pretense . . . obtains from any other person any . . . money . . . with intent to cheat and defraud any person of the same . . . is guilty of a felony. . . ."

To sustain a conviction under this section of The Penal Code, it is imperative that three elements of this offense be established, namely, that appellees (1) made false pretenses, (2) obtained money by these pretenses, and (3) intended to "cheat and defraud any person of the same." *Com. v. Litman,* 187 Pa. Superior Ct. 537, 544, 144 A. 2d 592.

The Act of March 30, 1955, P. L. 6, No. 5, §7, 43 PS §871, amending §801 of the Unemployment Compensation Law, provides as follows: "Whoever makes a false statement or representation knowing it to be false, or knowingly fails to disclose a material fact to obtain . . . any compensation . . . under this act . . . either for himself or for any other person, shall upon conviction thereof in a *summary proceeding,* be sentenced to pay a fine of not less than thirty nor more than two hundred dollars, or shall be sentenced to imprisonment for not longer than thirty days, or both, and each such false statement or representation or failure to disclose a material fact shall constitute a separate offense. Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain . . . any compensation . . . under this act . . . may be disqualified within the one year period immediately following the departmental determination of such offense, *for such week or weeks of improper payments* plus a penalty period of two weeks and for not more than one additional week *for*

*each such week of improper payment: . . . ."* (Emphasis supplied)

The court below concluded that §801, as amended, supra, was intended by the legislature to exclusively cover situations such as are involved in these cases. We agree with the reasoning of the court below that the amendatory language of §801 in 1955 presumed the obtaining of moneys as a result of the false statements and representations because this section further provides for the disqualification of the offender, "within the one year period immediately following the departmental determination of such offense, for such week or weeks of improper payments. . . ."

It is a canon of statutory construction that where words of a later statute differ from those of a previous one on the same subject, they presumably are intended to have a different construction: *Com. v. Moon*, 383 Pa. 18, 27, 117 A. 2d 96.

Before the 1955 amendment §801 covered only the act of making a false representation knowing it to be false or knowingly failing to disclose a material fact to obtain or increase compensation. It was not necessary to show that money was actually obtained. If money was obtained, it was necessary to prosecute under §836, the false pretense section of The Penal Code. The 1955 amendment to §801 of the Unemployment Compensation Act clearly showed that the legislature intended to cover the case where money was actually obtained and the legislature provided an increased penalty for such an offense.

It is the policy of the law not to permit prosecutions under the general provisions of a penal code when there are special penal provisions available: *Com. v. Brown*, 346 Pa. 192, 199, 29 A. 2d 793; *Com. v. Litman*, supra, at page 543.

Where the same act or transaction constitutes a violation of two separate statutory provisions, the test

to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not: *Com. v. Falls and Sykes,* 107 Pa. Superior Ct. 129, 133, 134, 162 A. 482. The alleged criminal act of obtaining money by false representation is a felony under the general penal code and a summary offense when committed in connection with the Unemployment Compensation Law. To obtain a conviction under §836 of The Penal Code the Commonwealth must prove (1) a false representation, (2) reliance upon that representation and (3) the procuring of a benefit by the defendant with intent to defraud. To obtain a summary conviction under §801 of the Unemployment Compensation Law, as amended by the 1955 act, the Commonwealth must prove (1) a false representation, (2) reliance upon that representation and (3) the procuring of a benefit by the defendant with intent to defraud. The same facts must be proved to obtain a conviction under either act. It is also true under §801 of the Unemployment Compensation Law a conviction may be procured even though no money was actually received. In such event, however, the defendant could not be disqualified from receiving future compensation.

It seems more reasonable to believe that the legislature which enacted the remedial and humanitarian Unemployment Compensation Law intended to punish violators of that law by the penal provisions of that special legislation, which provided for a fine up to $200.00 or imprisonment not exceeding thirty days or both, plus certain weekly disqualification of benefits, rather than to subject such violators to criminal prosecution as a felon under The Penal Code, under which they could be sentenced to pay a fine of not exceeding $5,000.00 or imprisonment not exceeding five years or both.

The Commonwealth argues that the court below overlooked §402(g) of the Unemployment Compensation Law, 43 PS §802(g), which provided as follows: "An employe shall be ineligible for compensation for any week— . . . (g) Any part of which is included in the one-year period immediately following the date on which he is finally convicted of the illegal receipt of benefits under this act in any penal proceedings instituted against him under the provisions of this act *or any other statute of the Commonwealth.*" This argument implies that the decision of the court below gives no effect to any other statute of the Commonwealth and therefore is in derogation of the Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, §51, 46 PS §551. If we understand this argument, it is to the effect that if the defendant cannot be prosecuted under §836 of The Penal Code, no other statute is applicable within the meaning of §402(g). This argument overlooked the fact that the defendant might be punished under §303 of The Penal Code if he secured benefits under the Unemployment Compensation Law by bribery of state officers. It also overlooks the fact that a defendant could be punished under §807 of The Penal Code if he were convicted of stealing unemployment compensation checks. It is, therefore, apparent that §402(g) of the Unemployment Compensation Law is not rendered ineffectual by the decision of the court below in this case.

The cases of *Com. v. Wright,* 69 Pa. D. & C. 418, and *Com. v. Mull,* 64 Pa. D. & C. 103, are not applicable to the facts of this case because both of them applied to factual situations which arose before the 1955 amendment of §801 of the Unemployment Compensation Law.

We are, therefore, of the opinion that the court below committed no error in quashing these indictments.

Our decision in this case is not to be interpreted as placing a stamp of approval upon the acts of the appellees. What they did was wrong and they should be punished. We are merely saying that they should be punished under the specific provisions of the Unemployment Compensation Law rather than the general provisions of The Penal Code.

The orders of the court below are affirmed.

WOODSIDE, J., dissents.