## Commonwealth v. Jefferies

*Richard A. Lewis,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth.

*Philip D. Freedman,* for defendant.

LIPSITT, J., July 2, 1973.—Eleanor L. Jefferies was charged with 11 counts of fraudulent pretenses. The indictment alleged defendant received 11 checks from the Dauphin County Board of Assistance between March 26, 1971, and December 27, 1971, and after cashing these checks falsely represented in an application to the Dauphin County Board of Assistance that the checks had not been received and thereafter received duplicate checks. Upon waiver of a trial by jury, defendant was convicted by the trial judge on five counts of fraudulent pretenses. Defendant filed a motion for a new trial and in arrest of judgment which was submitted to the court en banc for its reckoning.

In connection with her motion, she first contends the Commonwealth failed to establish beyond a rea-

sonable doubt that she did, in fact, receive the original welfare checks. If she did not, she, of course, could not be accused of fraud in obtaining the duplications. The statute involved, the Act of June 24, 1939, P. L. 872, sec. 836, as amended, 18 PS §4836, provides, in part:

"Whoever, by any false pretense . . . obtains from any other person any chattel, money, or valuable security, with intent to cheat and defraud . . . is guilty of a felony."

To prove Eleanor L. Jefferies had received the initial assistance checks, the Commonwealth introduced testimony by three witnesses who are employes of various banks in Middletown, Dauphin County, Pa. They testified for a period of several years they had cashed welfare checks for defendant. The witnesses stated they knew Eleanor L. Jefferies as a customer and although none could recall cashing the specific checks for Miss Jefferies, all of the checks which they did cash were marked with the bank's stamp and initialed by each of them as the teller completing the transaction. Each identified the checks shown to them as the ones they cashed and initialed. It may be noted that other witnesses who were employed by stores in the Middletown area said they had on various occasions cashed public assistance checks for Miss Jefferies and knew her, but these witnesses, in addition to not being able to recall cashing specific checks, did not mark in any way or initial in any manner the checks presented to them as did the bank employes. Because of this circumstance, several of the charges contained in the indictment could not be proven and were dismissed. As to the five counts on which Eleanor L. Jefferies was found guilty, the three witnesses involved knew Miss Jefferies and remembered cashing public assistance checks for her. Their ability to identify her was indisputable.

Defendant proffers a suspicion shared by the court that the signature on the checks cashed was not the signature of Eleanor L. Jefferies. However, the Commonwealth was not seeking to prove defendant had indeed signed these checks but merely that it was defendant who presented the checks to be cashed. The dissimilarity of the signature on the original checks from the signature on the request forms for duplicate checks suggested the possibility of employing a third person to sign the original checks, thus supporting a claim that the originals were either stolen or lost. From all of the evidence introduced, it was certainly a reasonable inference to find Eleanor L. Jefferies did, in fact, possess and present the original checks to the bank tellers.

Defendant also argues the Commonwealth failed to meet its burden by its failure to prove beyond a reasonable doubt that Eleanor L. Jefferies was the party who applied for and received duplicate checks from the Dauphin County Board of Assistance. At the end of the Commonwealth's case, defendant demurred, and it is now proposed the demurrer should have been sustained because, at this point in the proceeding, the only testimony introduced relative to this phase of the case was by a Commonwealth witness who said there were applications for duplicates and checks were subsequently issued bearing the signature of Eleanor L. Jefferies. The Commonwealth witness was an officer at the Dauphin County Board of Assistance who was in charge of the issuance of duplicate checks and she testified as to the normal practices, but she did not know Eleanor L. Jefferies nor did she know who executed the request forms. In face of the reality of the system of welfare procedures and methods, defendant's position of lack of proof is hardly valid. The forms request-

ing the duplicate checks were introduced and 11 request forms were submitted in the name of Eleanor L. Jefferies; these forms corresponded exactly with the 11 original checks issued to defendant which she claimed she did not receive, and the dates were in proximity to the dates when the original checks were cashed. Even though the witness did not know Eleanor L. Jefferies, nor could she testify as to whether or not Miss Jefferies had filled out the request forms, there was evidence that the duplicate checks were issued to Eleanor L. Jefferies. This, together with the testimony that defendant did cash the original assistance checks just prior to the issuance of each duplicate check, would permit a reasonable inference to be drawn that the duplicates were applied for and received by Eleanor L. Jefferies. Of course, after the demurrer when defendant was testifying, she did admit to applying for and receiving the duplicate checks.

The most interesting and perhaps baffling issue raised by defendant is whether she could be properly indicted and convicted for the offense of cheating by fraudulent pretenses under the Act of June 24, 1939, P. L. 872, sec. 836, as amended, 18 PS §4836. The Penal Code defines the crime as follows:

"Whoever, by any false pretense, obtains the signature of any person to any written instrument, or obtains from any other person any chattel, money, or valuable security, with intent to cheat and defraud any person of the same, or being an officer, manager, agent, employe of or in any way interested in any person, by false pretense, knowingly and with intent to defraud, procures, obtains, or aids, assists, or abets in obtaining from any other person, any chattels, moneys, or valuable securities for such person of which he is an officer,

manager, agent, employe or in which he is in any way interested, is guilty of a felony, and on conviction, shall be sentenced to pay a fine not exceeding five thousand dollars ($5,000), or undergo imprisonment not exceeding five (5) years, or both."

Defendant contends cheating by fraudulent pretenses as defined above is a general crime. And, defendant points out that available to the Commonwealth for purposes of prosecution in a case of this nature is a specific provision of the Pennsylvania Public Welfare Code of June 13, 1967, P. L. 31 (No. 21), art. I, sec. 101, et seq., 62 PS §101, et seq. Section 481 of the Public Welfare Code, 62 PS §481, provides:

"(a) Any person who, either prior to, or at the time of, or subsequent to the application for assistance, by means of a wilfully false statement of misrepresentation, or by impersonation or other fraudulent means, secures, or attempts to secure, or aids or abets any person in securing assistance under this article shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1,000), or to undergo imprisonment not exceeding one year, or both, and also shall be sentenced to make restitution of any moneys he has received by reason of any such false statement, misrepresentation, impersonation, or fraudulent means.

"(b) Any person who, either prior to or at the time of or subsequent to the application for assistance, by means of a wilfully false statement or misrepresentation, or by impersonation, or other fraudulent means, secures or attempts to secure assistance not exceeding three hundred dollars ($300) under this article shall, upon conviction thereof in a summary proceeding, be sentenced to make restitution of such assistance, and to pay a fine of not more than two hundred dollars

($200), and, in default of making restitution and the payment of the fine imposed, to undergo imprisonment not exceeding sixty days."

The argument follows that the Commonwealth by proceeding under The Penal Code and not under the Public Welfare Code has violated a well-established rule of law which holds a defendant cannot be prosecuted under a general statute when a more specific penal provision is applicable and available. Also cited is the canon of statutory construction which sets forth that whenever a general provision in a statute is in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both but if the conflict is irreconcilable, the special provisions shall prevail unless the intention of the General Assembly to the contrary is manifest. See section 1933 of the Pennsylvania Statutory Construction Act of December 6, 1972, P. L. 966 (No. 290), a codification of the prior act, 46 PS §563. Defendant places great reliance on Commonwealth v. Buzak et al., 197 Pa. Superior Ct. 514 (1962), where defendants obtained unemployment compensation by falsely stating they were totally unemployed. Each defendant was charged under The Penal Code with the crime of "cheating by fraudulent pretenses." The Superior Court held the prosecution under The Penal Code was prohibited and required the Commonwealth to proceed in such a situation under the provisions of the Pennsylvania Unemployment Compensation Law of December 5, 1936, 2d Sp. Sess., P. L. (1937) 2897, as amended, 43 PS §871, which concerns the obtaining of unemployment compensation through fraudulent means. The Superior Court relied, in part, on Commonwealth v. Brown, 346 Pa. 192 (1943), where it was alleged defendants circulated nomination papers for the Communist Party and made false affidavits to

them. They were charged with perjury under The Penal Code and with violations of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, 25 PS §2600, et seq. The Pennsylvania Supreme Court held the Election Code provided the exclusive legal authority for the prosecution of defendants for the acts charged. Defendant here also calls attention to other Pennsylvania cases dealing with the possession of stolen automobile inspection stickers, and the courts concluded the felonies charged under The Penal Code to have been superseded by the provisions of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §101, et seq., with less serious penalties. See Commonwealth v. Kroll, 50 D. & C. 2d 723 (1970).

To be sure, under both statutory construction and case law if the same act constitutes a violation of two separate statutory provisions, the prosecution should be under the specific rather than the general enactment assuming all of the elements are the same.

While the rationale by defendant appears sound on the surface, a closer analysis of the facts on which the indictment is based reveals a mistaken premise by defendant. The Unemployment Compensation Act of March 30, 1955, P. L. 6 (No. 5), sec. 7, as amended, 43 PS §871, which was the subject of the Buzak case, proscribes the making of a false statement or representation to gain compensation; defendants were charged with falsely pretending to be unemployed and entitled to compensation. Similarly the Pennsylvania Public Welfare Code, cited above, prohibits the utilization of a fraud in applying for assistance. Here, as the Commonwealth observes, defendant, Eleanor L. Jefferies, is not being charged for misrepresentation in securing assistance but is charged with falsely obtaining more than her entitlement. The Welfare Code by its wording restricts the imposition of penalties to situations where

there is a misstatement of fact prior to, or at the time of or subsequent to the *application* for assistance. A person who misstates his financial condition or one whose status has changed and has failed to report it would undoubtedly be subject to the Public Welfare Code section, but, in the instant case, the application for assistance for Eleanor L. Jefferies is not in issue. She was entitled to assistance and did not violate the act in that respect. However, the conduct by this defendant goes beyond the scope of the Public Welfare Code. After she received assistance, she made a knowing and willful misrepresentation to acquire more money from the Commonwealth. And further, it may parenthetically be noted, her activity involved not only an intent to defraud the Commonwealth but also an attempt to defraud the several second endorsers who may have been liable for cashing the checks.

In accordance with the reasoning expressed, we enter the following

ORDER

And now, July 2, 1973, defendant's motion for a new trial and in arrest of judgment is denied, and the district attorney is directed to call Eleanor L. Jefferies for sentencing.