## Commonwealth v. Malen

402

*John Burfete*, for Commonwealth.

*Nino Tinari*, for defendant.

MOSS, *J.*, June 15, 1977—Defendant was tried before the writer of this opinion sitting without a jury, and was found guilty of false swearing (Bill No. 4620.3-76) and unsworn falsification to authorities (Bill No. 4620.4-76). Defendant then filed her motion for new trial and motion in arrest of judgment.

At the trial, evidence was presented that defendant filed an application under oath to the Pennsylvania Department of Transportation for a used car dealer's license to operate a used car dealership known as Auto Mart. With the application defendant filed, first, a document which she averred to be a copy of the lease she had entered into with the owner of the real estate on which the business was operated. Filing such copy of the lease is a prerequisite to obtaining a license. However, the copy of the lease presented was not the copy of the lease entered into with the property owner. Secondly, defendant indicated on the ap-

plication that she had never before held a motor vehicle license that had been revoked. In fact, she had held a New Jersey motor vehicle dealer's license that had been revoked.

Section 4903 of the Crimes Code of December 6, 1972, P.L. 1482 (the false swearing section) declares that: "A person who makes a false statement under oath or equivalent affirmation . . . or he does not believe the statement to be true . . . is guilty . . . if: (2) the falsification is intended to mislead the public servant in the performance of his official function."

Section 624(8) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §624(8), makes it unlawful for any person "to . . . make a false statement, or conceal a material fact, or otherwise commit a fraud in any application" under the provisions of that code. Violation of this section is a summary offense.

Defendant contends that judgment should be arrested upon her conviction of false swearing because of her conviction of the summary offense under The Vehicle Code. "It is the policy of the law not to permit prosecutions under the general provisions of a penal code when there are applicable special penal provisions available." Com. v. Brown, 346 Pa. 192, 199, 29 A.2d 793 (1943); Com. v. Buzak, 197 Pa. Superior Ct. 514, 179 A.2d 248 (1962).

"Where the same act or transaction constitutes a violation of two separate statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." Com. v. Buzak, supra, p. 517.

Section 4903 of the Crimes Code provides a pen-

alty for false *oath* or affirmation. An essential ingredient of this crime is the oath or affirmation. Falsity is a social and moral evil, but the falsity *under oath* is especially prosecuted and made a misdemeanor, in cases where the falsification is intended to mislead a public servant in the performance of his official function. The evidence in this case establishes defendant's falsity under oath intended to mislead a public servant in such performance. Hence, all the elements of the crime are present.

Section 624(8) of The Vehicle Code provides a penalty for the summary offense of making a false statement or committing a fraud in any application under that code. Thus, no oath on the part of defendant is an element of the crime. Only a fraudulent act in any application under The Vehicle Code need be shown. This is a separate and distinct offense prescribed by The Vehicle Code of 1959 exclusive of the above-mentioned offense defined in section 4903 of the Crimes Code. The legislature had cause to provide for such separate and distinct offense because although certain sections of The Vehicle Code of 1959 provide for oaths on certain documents, such as applications for drivers' licenses, there are other important documents, such as applications for vehicle registration (Vehicle Code of 1959, sec. 402, 75 P.S. § 402) and applications to register in the "Dealer's class" (Vehicle Code of 1959 §409(b)) relating to which there is no statutory requirement that they be sworn to.

Defendant did by her false oath fall within section 4903 of the Crimes Code. Likewise, by two falsities she twice violated section 624(8) of The Vehicle Code.

Under The Vehicle Code punishment flows from falsity in any application under that code. Under the Crimes Code punishment flows from falsity under oath. In short, it is our opinion that the legislature did not by implication intend to exclude fraudulent oaths under The Vehicle Code from the scope of section 4903 of the Crimes Code.

And now, June 15, 1977, the motions of Beverly Malen, a/k/a Beverly Schwartz, for new trial and in arrest of judgment are refused.

Defendant is directed to report to Court Room "C", Montgomery County Court House, Norristown, Pennsylvania on June 30, 1977 at 9:30 a.m., to receive the sentence of the court.