# Commonwealth v. O'Brien

*Mark A. Wallisch, district attorney,* for the Commonwealth.
*Robert M. Hanak,* for defendant.

SNYDER, *P.J.,* September 18, 1990 — This case is presently before the court on defendant's motion to suppress.

## ISSUE

The issue in this case is whether the warrantless arrest of a non-resident defendant is invalid where the arresting officer is not in uniform at the time of the arrest. If the arrest is invalid the evidence obtained by virtue of the defendant's unlawful arrest is, of course, inadmissible.

## FACTS

On June 6, 1990, at 2:45 a.m., Officer Serafini of the Reynoldsville Borough Police Department received a call to investigate a single-vehicle accident. Responding to the call Officer Serafini, who was off duty and not in uniform, observed a 1990 Ford truck flipped onto the driver's side at East Main Street in Reynoldsville.

Upon arrival at the accident scene Officer Serafini approached defendant who was sitting on the ground near the vehicle. Officer Serafini asked the defendant if he was the driver and sole occupant of the vehicle and the defendant responded affirmatively. When Officer Serafini requested an operator's license from the defendant, the defendant produced a valid Nevada license.

Defendant was then transported to the DuBois Hospital. At the DuBois Hospital, Officer Serafini requested defendant submit to a blood test to determine defendant's blood alcohol content. Defendant refused said test indicating his concern regarding the use of needles. Officer Serafini then advised the defendant of his rights and the consequences of failure to comply with the requested testing. When defendant again refused, Officer Serafini placed defendant under arrest.

## ANALYSIS

Defendant argues that his arrest is invalid as a matter of law because Officer Serafini was off duty and not in uniform at the time defendant, a non-resident, was arrested. Defendant cites section 6304(b) of the Vehicle Code in support of his contention. Section 6304(b) of the Vehicle Code provides:

"(b) *Other police officers* — Any police officer who is in uniform may arrest without a warrant any non-resident who violates any provision of this title in the presence of the police officer making the arrest."

The Commonwealth argues the arrest of the defendant is valid because, even though Officer Serafini was off-duty and not in uniform, section 3731(c) of the Vehicle Code provides an exception to section 6304(b) or, at the very least, provides police

554

officers with expanded powers of arrest in driving under the influence arrests. Alternatively, the Commonwealth argues the evidence of all the facts and circumstances indicate that the arrest, even though possibly initially invalid, may be saved. Section 6304(b) of the Vehicle Code provides:

"(b) *Other police officers* — Any police officer who is in uniform may arrest without a warrant any non-resident who violates any provision of this title in the presence of the police officer making the arrest." 75 Pa.C.S. §6304(b). June 17, 1976, P.L. 162, no. 81, §1, effective July 1, 1977.

Section 3731(c) of the Vehicle Code provides:

"(c) *Certain arrests authorized* — In addition to any other powers of arrest, a police officer is hereby authorized to arrest without a warrant any person who the officer has probable cause to believe has violated the provisions of this section, regardless of whether the alleged violation was committed in the presence of such officer. This authority to arrest extends to any hospital or other medical treatment facility located beyond the territorial limits of the police officer's political subdivision at which the person to be arrested is found or was taken or removed to for purposes of emergency treatment, examination or evaluation provided there is probable cause to believe that the violation of this section occurred within the police officer's political subdivision." 75 Pa.C.S. §3731(c). As amended December 15, 1982, P.L. 1268, no. 289, §9, effective in 30 days; February 12, 1984, P.L. 53, no. 12, §5, effective in 120 days; June 30, 1984, P.L. 473, no. 99, §2, effective imd.; July 10, 1984, P.L. 704, no. 148, §1, effective imd.; May 9, 1986, P.L. 158, no. 51, §1, effective in 60 days.

Neither this court nor the parties' counsel has been able to find any case law interpreting the

specific language of section 6304 at issue in the instant case. For guidance we look to those cases which discuss the predecessor to section 6304. See *Commonwealth v. Wernosky,* 68 Schuylkill L.R. 171 (1972); *In re Johnson License,* 52 D.&C. 2d 577 (1971); and *Commonwealth v. Arnold,* 86 D.&C. 154 (1953).

All of the above-noted cases reflect the importance of the arresting officer being in uniform at the time of arrest. In *Johnson* and *Wernosky* the respective courts restored the driver's licenses of the defendants because there was no evidence on the record that the arresting officer in either case was "in uniform and displaying a badge or other sign of authority." *Johnson* at 580; *Wernosky* at 174. In *Arnold* the court dismissed the proceedings against the defendant because the Commonwealth failed to aver in the information or prove at trial that the officer making the arrest was in uniform and exhibited a badge or other sign of authority. *Arnold* at 158. As Judge Farr in *Arnold* writes, "If the officer was not in uniform it is perfectly apparent that the arrest was invalid." *Id.*

While we note that these cases rely upon the predecessor to section 6304, we also note the clear language of the statute at issue. See 1 Pa.C.S. §1921(b). If the legislature wanted to expand a police officer's power to arrest a non-resident it could have easily deleted the language "when in uniform" just as it deleted the language "displaying a badge or other sign of authority." See *Commonwealth v. Buzak,* 197 Pa. Super. 514, 179 A.2d 248 (1962) (stating the general principle that where words of later statute differ from those of previous one on same subject, they presumably are intended to have a different construction).

We turn now to the Commonwealth's argument that section 3731(c) of the Vehicle Code is an exception or, at least, expands the arrest powers given police officers in section 6304(b). In support of it's argument the Commonwealth cites *Commonwealth v. Collini,* 264 Pa. Super. 42, 398 A.2d 1044 (1979). However, *Collini* does not stand for the proposition that section 3731(c) provides an exception or expansion of the requirement in section 6304(b) that police officers be in uniform when making an arrest of a non-resident. Thus, we find this argument unconvincing in the case sub judice.

We note, however, that section 3731(c) does expand the arrest powers of police officers in two ways. First, the officer may arrest "without a warrant any person who the officer has probable cause to believe has violated the provisions of this section, regardless of whether the alleged violation was committed in the presence of such officer." Second, the officer has the authority to arrest any person for a violation of section 3731 in "any hospital or other medical facility located beyond the territorial limits of the police officer's subdivision." However, nowhere in this section is there a provision or reference which authorizes the arrest of a non-resident when the officer is not in uniform. Thus, while the section 3731(c) does expand the officer's authority to arrest, there is no expansion or exception to the requirement in section 6304(b) that the arresting officer be in uniform.

We find equally unconvincing the Commonwealth's contention that even if the arrest is initially illegal there is other independent evidence of sufficient quality to "save" the arrest. The Commonwealth's reliance on *Commonwealth v. Mancini,* 340 Pa. Super. 592, 490 A.2d 1377 (1985), is misplaced. In *Mancini* the defendant was initially arrested for

the summary offense of underage drinking by an off-duty, plainclothes police officer. *Mancini,* at 597, 490 A.2d at 1380. While the Superior Court recognized that the defendant's initial arrest was illegal because, just as in the case sub judice, the police officer was off-duty during the time of arrest, the court concluded that other independent evidence existed which could sufficiently "purge the taint" of the initial illegal arrest to allow the use of the defendant's confession to a burglary and additional evidence seized pursuant to the defendant's subsequent consent to search the vehicle the defendant was driving. *Mancini* at 600-2, 490 A.2d at 1381-2.

In the instant case, unlike in *Mancini,* there is simply a lack of independent evidence upon which to "purge the taint" of the initially illegal arrest.

In passing we note that Pennsylvania Rule of Criminal Procedure 55 reads:

"When a criminal proceeding in a summary case is instituted by issuing a citation to the defendant, the law enforcement officer who issues the citation shall exhibit some sign of authority."

Prior to the amendment to rule 55, rule 51(A)(1) required the officer issuing a citation to be in uniform. The Procedural Rules Committee comment following rule 55 indicates that it is preferable that a law enforcement officer who stops a defendant for a traffic violation be in uniform.

However, we emphasize that the foregoing is only applicable to summary cases and that while the Procedural Rules Committee disposed of the requirement that the police officer be in uniform, the legislature continues such a requirement in section 6304(b) of the Vehicle Code. In such circumstances a non-resident motorist should be made aware of the authority of the person who is attempting to make an

arrest. As Judge Cercone of the Superior Court stated, "A motorist is apprised of the veracity of the person who stops him by all of the indicia of the . . . police uniform." *Commonwealth v. Turner,* 337 Pa. Super. 564, 571, 487 A.2d 404, 408 (1985).

## CONCLUSION

Accordingly, we must conclude that the arrest of a non-resident defendant by a municipal police officer who is off duty and not in uniform is invalid and that the evidence obtained against the defendant by virtue of that unlawful arrest must be suppressed.