409 A.2d 108

**COMMONWEALTH of Pennsylvania**

**v.**

**Charles A. BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Aug. 31, 1979.

Petition for Allowance of Appeal Denied Dec. 18, 1979.

John A. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from judgments of sentence entered on convictions of two counts of forgery, The Crimes Code, Act of Dec. 6, 1972, P.L. 1484, No. 334, § 1, 18 Pa.C.S.A. § 4101, two counts of unlawful use of credit cards, The Crimes Code, supra, 18 Pa.C.S.A. § 4106 (Supp. 1978–79), and one count of theft of property lost, mislaid, or delivered by mistake, The Crimes Code, supra, 18 Pa.C.S.A. § 3924.

At trial appellant stipulated to the facts, as follows. On January 25, 1977, he entered a maternity shop and purchased a dress, using a BankAmericard credit card in the name of Marvin Shaw. He signed a credit card sales receipt for the price of $31.98, using the name Marvin Shaw, and left the store with the dress. At a nearby store on the same day he attempted to purchase goods worth $22.64, again signing the receipt as Marvin Shaw, but was arrested before he left the store. Shaw had been notified that his credit card had been mailed to him, but he never received it, and so had never signed it; he did not give anyone permission to use it.

Appellant argues that he should not have been prosecuted for forgery because the offense of unlawful use of credit cards is a more specific version of forgery.

In *Commonwealth v. Buzak*, 197 Pa.Super. 514, 517, 179 A.2d 248, 250 (1962), we held:

It is the policy of the law not to permit prosecutions under the general provisions of a penal code when there are special penal provisions available: *Commonwealth v. Brown*, 346 Pa. 192, 199, 29 A.2d 793, 796–797; *Commonwealth v. Litman*, 187 Pa.Super. 537, 543, 144 A.2d 592, 595 (1958).

Thus, in *Commonwealth v. Brown, supra*, the Court held that the offense of making a false statement on a nomination paper under the Election Code was a more specific version of the general offense of perjury, so that the defendant could not be prosecuted for perjury. The Court approved a test that when

the same facts which would constitute an offense under one act also constituted an offense under the second act and [ ] the first act being specific and the second act general, the first governs, where the facts bring the offense within it.

*Id.,* 346 Pa. at 200, 29 A.2d at 797.

Similarly, in *Commonwealth v. Litman, supra,* this court reversed a conviction for false pretenses because of a special provision making it criminal to obtain money by false pretense from Blue Shield. The test we applied was "whether each provision requires proof of an additional fact which the other does not." *Id.,* 187 Pa.Super. at 543, 144 A.2d at 595. Examining the provisions in question, we found that both the general and special provisions required proof of (1) a false representation, (2) reliance upon that representation, and (3) the procuring of a benefit by the defendant with intent to defraud. *See also, Commonwealth v. Bellis,* 252 Pa.Super. 15, 380 A.2d 1258 (1977), aff'd in part and rev'd in part on other grounds, 484 Pa. 486, 399 A.2d 397 (1979) (bribery statutes cited by defendant held not more specific versions of general commercial bribery statute, for each required different item of proof); *Commonwealth v. Buzak, supra* (false statement to obtain benefit under Unemployment Compensation Law a more specific version of crime of false pretenses, each requiring proof of same elements).

■ Here, the indictment charged that the items forged were the credit card sales receipts (not the signature on the credit card itself). The pertinent general provision against forgery is subsection (a)(2) of 18 Pa.C.S.A. § 4101:

(a) Offense defined.—A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

(1) alters any writing of another without his authority;

(2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have

154

been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or

(3) utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection.

The pertinent special provision against the unlawful use of credit cards is subsection (a)(1) of 18 Pa.C.S.A. § 4106:

(a) Offense defined.—A person commits an offense if he:

(1) uses a credit card for the purpose of obtaining property or services with knowledge that:

(i) the card is stolen, forged or fictitious;

(ii) the card belongs to another person who has not authorized its use;

(iii) the card has been revoked or canceled; or

(iv) for any other reason his use of the card is unauthorized by the issuer or the person to whom issued; or

(2) makes, sells, gives, or otherwise transfers to another, or offers or advertises, or aids and abets any other person to use a credit card with the knowledge or reason to believe that it will be used to obtain property or services without payment of the lawful charges therefor; or

(3) publishes a credit card or code of an existing, canceled, revoked, expired, or nonexistent credit card, or the numbering or coding which is employed in the issuance of credit cards, with knowledge or reason to believe that it will be used to avoid the payment for any property or services.

Comparison of these provisions will show that the offense of unlawful use of credit cards may be but is not always a more specific version of the offense of forgery.[1]

1. This result has been reached in most other jurisdictions that have considered the question. *See, e.g., State v. Ulmer*, 21 Ariz.App. 378, 519 P.2d 867 (1974); *People v. James*, 178 Colo. 401, 497 P.2d 1256 (1972); *Hutchins v. State*, 483 P.2d 519 (Wyo. 1971); *State v. Dumont*, 471 P.2d 847 (Or. 1970); *McDuffy v. State*, 6 Md.App. 537, 252 A.2d 270 (1969); *McCrory v. State*, 210 So.2d 877 (Miss. 1968); *Vannerson v. State*, 403 S.W.2d 791 (Tex.Cr.App. 1966); *Clonts v.*

As regards *mens rea*, there is no substantial difference between the offense of unlawful use of credit cards and the offense of forgery. A difference may arise, however, as regards *actus reus*.

Suppose one hands a credit card to the sales clerk. Proof of this will satisfy the *actus reus* requirement of both the offense of unlawful use of credit cards (*"uses* a credit card*)*, and of the offense of forgery ("makes, completes, executes, authenticates, issues or *transfers any writing"*). In such a case, "the facts [would] bring the offense", *Commonwealth v. Brown, supra,* 346 Pa. at 200, 29 A.2d at 797, within both the specific provision (the provision against unlawful use of credit cards) and the general provision (the provision against forgery).

Next suppose, however, that one only displays, instead of handing, the credit card to the sales clerk. Proof of this display will satisfy the *actus reus* requirement of the offense of unlawful use of credit cards, but not of the offense of forgery.

If, therefore, it had been the Commonwealth's theory that appellant was guilty of forgery because he transferred Marvin Shaw's credit card, appellant would be right: The Commonwealth should not have prosecuted him for the general offense of forgery but only for the special offense of unlawful use of credit cards. However, it was the Commonwealth's theory that appellant was guilty of forgery because he signed Mr. Shaw's name on the credit card sales receipts. These signatures represented two forgeries. Prosecution of appellant for the forgeries was not precluded because *before* he signed the sales receipts, appellant *also* used Mr. Shaw's credit card.[2] So far as appellant's use of the credit card was

*State,* 42 Ala.App. 287, 161 So.2d 155 (1964); *Shriver v. Graham,* 366 P.2d 774 (Okl. 1961); *People v. Shaw,* 27 Mich.App. 325, 183 N.W.2d 390 (1970). In California it has been held otherwise, *see* n. 2 *infra.*

2. See, *McDuffy v. State, supra.*
   The essence of the crime under § 142 [false pretenses] is unauthorized use of a credit card, not the signing of a false document. . .
   The law is clear that a single transaction can be an offense against

concerned, the Commonwealth did not prosecute him for forgery, but only for unlawful use of the credit card.

■ Appellant argues that his use of the credit card was inseparable from his forgeries, because the forgeries represented a necessary step in the successful use of the credit card. Brief for appellant at 9. However, § 4106 does not require that the use of a credit card be "successful," but only that it be "for the purpose of obtaining property or services." [3] As the legislature has defined the offenses, the use of the credit card and the forgery of the sales slip were distinct acts, not one single act.

> "The 'same transaction' test is valid only when 'transaction' means a *single act*. When the 'transaction' consists of two or more criminal acts, the fact that the two are 'successive' does not require the conclusion that they have merged. * * * Consummation or execution of the intent to steal or to commit some other felony is not necessary to complete the crime of burglary or the crime of 'breaking and entering' etc.["]
>
> *Commonwealth ex rel. Comer v. Claudy*, 174 Pa.Super. 494, 497, 102 A.2d 227, 229 (1954) (emphasis in original) (discussing the merger, for sentencing purposes, of crimes of burglary and larceny).[4]

The judgments of sentence are affirmed.

two statutes if each statute requires proof of a fact which the other does not. [citations]
A false pretense does not require a false signature on a document and a forgery does not require the use of a credit card or an actual reliance on the false document.
6 Md.App. at 540, 252 A.2d at 272.

**3.** *People v. Swann*, 213 Cal.App.2d 447, 28 Cal.Rptr. 830 (1963), in which it was held that the use of a credit card encompassed the execution of the credit slip, appears to have been legislatively overruled. *See* 24 A.L.R.3d 996, n. 15.1.

**4.** There is obviously some room for confusion between the concept argued in this case and the concept of the merger of a lesser included offense. (Indeed, appellant's post verdict motions stated that the offense of unlawful use of credit cards was a lesser included offense of forgery, although the argument at trial shows that counsel had in mind the concept of a more specific version of a general offense.)

However, the concept of a more specific offense is based on principles of statutory construction, *Commonwealth v. Brown, supra,* while the concept of merger is based on the principle that where one transaction violates two statutes, differing merely in degree, only one penalty may be imposed after conviction. *Commonwealth ex rel. Shaddock v. Ashe,* 340 Pa. 286, 17 A.2d 190 (1941). The concept of a more specific offense bars trial and conviction on the more general offense. *Commonwealth v. Buzak, supra.* The concept of merger does not bar two convictions, but only two sentences. *Commonwealth v. Lowry,* 260 Pa.Super. 454, 394 A.2d 1015 (1978). Furthermore, it may be said that the concept of a more specific offense contemplates the *same kind of harm* to the victim as the general offense, *see Commonwealth v. Litman, supra; Commonwealth v. Buzak, supra,* but that the harm be carried out by a more particular technique. On the other hand, the concept of lesser included offense focuses on the harm done; a greater offense includes a lesser one in that the harm done includes but surpasses the harm of the lesser included offense. *See Commonwealth ex rel. Shaddock v. Ashe, supra* ("[W]here the distinct crimes set forth grew out of the same transaction, *differing merely in degree,* only one penalty can be imposed after conviction . . . ." 340 Pa. at 228, 17 A.2d at 190 (emphasis supplied)). *Compare, Commonwealth v. Brown,* 259 Pa.Super. 502, 393 A.2d 938 (1978) (offense of obstructing officer merges into assault and battery of officer); *Commonwealth v. Belgrave,* 258 Pa.Super. 40, 391 A.2d 662 (1978) (unlawful restraint merges with false imprisonment; recklessly endangering merges with simple assault); *Commonwealth v. Reidenbaugh,* 266 Pa.Super. 315, 404 A.2d 697 (1978) (corrupting morals of a minor merges with statutory rape). The confusion between the two concepts is augmented by the similarity of the tests, the test for merger being whether the one crime necessarily involves the other, *Commonwealth v. McCusker,* 363 Pa. 450, 70 A.2d 273 (1950).