**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James ALEXANDER, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 13, 1998.
Filed Dec. 14, 1998.

Karl Baker, Asst. Public Defender, Philadelphia, for appellant.

Peter J. Gardner, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before JOHNSON and SCHILLER, JJ., and CIRILLO, President Judge Emeritus:

CIRILLO, President Judge Emeritus:

James Alexander appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his conviction for attempted forgery, attempted theft by unlawful taking, attempted theft by deception, unlawful use of credit cards, simple assault, and resisting arrest. We affirm.

On July 16, 1996, Alexander entered the Mid–City Camera Shop in Philadelphia and asked for a specific salesperson. After a few minutes, Alexander requested to purchase from this salesperson a camera, zoom lens, and a battery. The salesperson retrieved these items from the stockroom. The salesperson prepared a sales slip for the items, which indicated the total value of the items at $1,224.02. Alexander told the salesperson he planned to charge the purchase and handed the clerk a VISA card bearing the name of Robert L. Vider. The clerk then wrote the name "Vider" on the top of the sales receipt and prepared to run the card through a "ZON machine," which verifies the authenticity of credit cards, and which approves purchases. Before the clerk could process the card, however, Alexander grabbed it and began to leave the store, telling the clerk he would be back later.

As Alexander moved to the front of the store he was stopped by Philadelphia Police Officer Philip Lang, who told Alexander that he was under arrest and to place his hands on the counter. Alexander resisted and shoved the officer; a struggle ensued and the two men tumbled outside the store into the street. Alexander struck Officer Lang and ran down the street. After being pursued on foot by another officer, Alexander was finally apprehended and arrested.

At Alexander's waiver trial, in addition to the two officers' testimony, the Commonwealth called Yvonne Vider, the wife of Robert L. Vider, whose VISA card Alexander presented at the camera shop. Mrs. Vider testified that she had come to Philadelphia to visit the Philadelphia Art Museum and had used the VISA card just a few hours before Alexander presented it at the camera shop. Mrs. Vider testified that she noticed later in the day that the card was missing and that she did not give Alexander permission to use the card.

Alexander was charged with a number of crimes, including forgery, attempted theft by unlawful disposition, attempted theft by deception, unlawful use of a credit card, resisting arrest, and assault. Before trial, the Commonwealth moved to amend the forgery bill to attempted forgery, and the trial court granted the motion. At trial, the court found Alexander guilty of attempted forgery, attempted theft by unlawful taking, attempted theft by deception, unlawful use of credit cards, simple assault, and resisting arrest. On February 25, 1997, the trial court imposed a sentence of one and one-half to three years' imprisonment, to be followed by three years' probation on the attempted forgery bill. The trial court imposed no further penalty on the remaining convictions. This appeal followed.

Alexander raises one issue on appeal:

Was it not error for the court to convict appellant of the more general offense of attempted forgery rather than the more specific offense of unlawful use of credit cards where appellant merely presented another person's credit card to the salesperson and then grabbed it back, without ever signing or attempting to sign anything [and] without ever receiving any merchandise?

In *Commonwealth v. Brown*, 269 Pa.Super. 150, 409 A.2d 108 (Pa.Super.1979), we reiterated the holding of *Commonwealth v. Buzak*, 197 Pa.Super. 514, 179 A.2d 248, 250 (Pa.Super.1962), that "[i]t is the policy of the law not to permit prosecutions under the general provisions of a penal code when there are special penal provisions available." *Id.* (citations omitted). It is this policy that Alexander attempts to utilize in support of his argument.

Both Alexander and the Commonwealth rely heavily upon *Commonwealth v. Brown*, 269 Pa.Super. 150, 409 A.2d 108 (Pa.Super.1979). In *Brown*, appellant entered a maternity shop and purchased a dress using a BancAmericard credit card in the name of Marvin Shaw. *Id.* 409 A.2d at 109. Appellant signed a credit card sales receipt using the name Marvin Shaw, and left the store with the dress. *Id.* At a nearby store on the same day, the appellant attempted to pur-

chase more goods but was arrested before he left the store. *Id.* Appellant was convicted of forgery, unlawful use of credit cards, and theft of property lost, mislaid, or delivery by mistake. *Id.* Appellant argued that he should not have been prosecuted for forgery because the offense of unlawful use of credit cards is a more specific version of forgery. *Id.*

The *Brown* court sought to distinguish the separate acts of presenting a credit card and the signing of a sales receipt. *Id.* 409 A.2d at 111. The court concluded that the act of handing over a credit card constitutes both a forgery and credit card fraud. *Id.* In such an instance, the offender is to be prosecuted only under the credit card statute and not under the forgery statute because credit card fraud is the more specific offense and forgery is the more general offense. *Id.* However, because the theory for charging the defendant of forgery in *Brown* rested on the fact that the defendant had also signed the sales receipt, the Commonwealth was free to prosecute the offender for the forgery of the sales receipts. *Id.* Our court, therefore, concluded that the appellant was properly prosecuted for the credit card fraud for transferring the credit card and that he was also properly prosecuted for a forgery in the signing of the sales receipt. *Id.*

Both parties claim *Brown* is dispositive of the present issue on appeal. On this point, we agree. In the instant case, Alexander was prosecuted for both credit card fraud and attempted forgery. Under the dictates of *Brown*, should an offender merely present a credit card, he or she has committed both the acts of credit card fraud and forgery. *Brown*, 409 A.2d at 111. However, because credit card fraud is the more specific offense, an offender must only be prosecuted for this offense and not the offense of forgery. *Id.* The instant case is no different. Alexander presented the credit card to the sales clerk and was properly prosecuted and convicted under the more specific statute of credit card fraud for the act of transferring the credit card. The only possible way Alexander would be correct in his assertion that he was improperly convicted would have been if he were prosecuted and convicted of forgery for

the act of handing over the credit card instead of being prosecuted and convicted of credit card fraud. *Id.*

Alexander attempts to interpret the *Brown* holding in such a way as to support the proposition that he was improperly convicted of both attempted forgery and credit card fraud for the mere handing over of a credit card. Alexander misreads *Brown.* Alexander was properly convicted of the more specific offense of credit card fraud for the handing over of the credit card. Alexander was prosecuted under attempted forgery for the attempt to sign the sales receipt that was prepared by the sales clerk. The sales receipt was never signed because Alexander observed a police officer nearby, grabbed the credit card, and then proceeded to flee the scene.

█ Under *Brown,* we find the prosecution for attempted forgery to be proper. The Commonwealth properly prosecuted and convicted Alexander of the more specific offense of credit card fraud for the handing over of the credit card. Once this fact was established, the Commonwealth was free to prosecute Alexander for the attempted forgery of the sales receipt as well as the gamut of offenses he committed or attempted to commit. *Brown,* 409 A.2d at 111. In the instant case, these offenses included attempted theft by unlawful disposition, attempted theft by deception and the attempted forgery of the sales receipts, all of which he was adjudged guilty. We restate our conclusion in *Brown* that: "[a]s the legislature has defined the offenses, the use of the credit card and the forgery of the sales slip were distinct acts, not one single act." *Id.* We find this equally applicable, here, concluding that the use of a credit card and the attempted forgery of a sales receipt are distinct acts.

█ To support his argument, Alexander states that he never signed or attempted to sign anything, and that no merchandise ever exchanged hands at the camera shop. It is clear that Alexander's argument fails when the criminal attempt statute is properly applied. Under the Criminal Code attempt is defined as: "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substan-

tial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). In the instant case, Alexander took a number of substantial steps toward the commission of the crime of forgery of the sales receipts. First, Alexander requested specific items that he said he would purchase with a VISA credit card. Next, he transferred the credit card to the sales clerk. Additionally, Alexander then waited while the sales clerk prepared a sales receipt. Finally, when Officer Lang arrived, Alexander grabbed the credit card, told the clerk he would return later for the items, and began to flee. We find these facts provide a sufficient basis to conclude Alexander took a substantial step toward the commission of the crime of attempted forgery.

█ Alexander submits that any culpability for his actions should cease when he physically took the credit card back from the sales clerk. In essence, he argues that this was sufficient to constitute a renunciation of his attempt to sign the credit card sales receipt. We disagree. Under the legal theory of "renunciation," we cannot find that Alexander is absolved of the crime of attempted forgery. Pursuant to 18 Pa.C.S.A. § 901(c):

> (2) A renunciation is not "voluntary and complete" within the meaning of this subsection if it is motivated in whole or part by:
>
> > (i) belief that circumstances exist which increase the probability of detection or apprehension of the defendant or another participant in the criminal enterprise, or which render more difficult the accomplishment of the criminal purpose; or
> >
> > (ii) a decision to postpone the criminal conduct until another time or to transfer the criminal effort to another victim or another but similar objective.

18 Pa.C.S.A. § 901(c).

In the present situation, Alexander no doubt believed that with the arrival of Officer Lang, there was an increased probability of detection. Additionally, Alexander told the clerk he would return later for the items. Both of these facts lead to the conclusion that Alexander's renunciation was insufficient under 18 Pa.C.S.A. § 901. Therefore, we find

no error by the trial court in convicting Alexander of both attempted forgery and credit card fraud in the instant case.

Judgment of sentence affirmed.