**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Lawrence J. SARGENT, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 3, 2003.

Filed April 22, 2003.

---

Patrick J. Connors, Public Defender, Media, for appellant.

George M. Green, Dist. Atty., Vram Nedurian, J., Asst. Dist. Atty., Media, for the Com., appellee.

Before: STEVENS, KLEIN and BECK, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Delaware County following Appellant's conviction on the charges of forgery, graded as a third-degree felony,[1] and theft by unlawful taking.[2] Appellant's sole claim on appeal is that the evidence was insufficient to support his conviction for third-degree forgery. Specifically, while Appellant does not dispute that he is guilty of forgery, he disagrees that the evidence supports grading the crime as a third-degree felony. In this case of first impression, we affirm.

¶ 2 On July 24, 2001, Trooper Jeffery Purcell filed a criminal complaint, and alleged the following in the affidavit of probable cause:

On 7/13/01, the Defendant did enter the YMCA–Rocky Run [al]though [he was] not privileged to do so. The Defendant's name was not listed as a member or as a guest. In the locker room at approximately 1625 hours (4:25 p.m.), the Defendant did remove a locked combination lock from the Victim's locker and did remove the Victim's wallet and car keys. The wallet contained credit cards and approximately $200.00 in cash. The Defendant then removed from the Victim's vehicle items worth approximately $220.00.

The Defendant then traveled to Acme, Kohl's, Split Second Amoco and Mento's Sunoco using the Victim's Visa and MasterCard credit cards. The purchases, which included cigarettes and jewelry, were in excess of $450.00. At each location, the Defendant forged the Victim's signature.

The Defendant was arrested by Trooper Marth–PSP–Avondale on 07/14/01 following a traffic violation and pursuit. In the Defendant's possession at this time was identification/property belonging to the Victim.

Employees and video surveillance at each store identified the Defendant as the user of the Victim's credit cards.

Affidavit of Probable Cause dated 7/24/01. Trooper Purcell's police report dated July 13, 2001 contained similar information, plus the fact that the police seized from Appellant signed credit card receipts containing the Victim's forged signature.

¶ 3 On April 3, 2002, Appellant appeared before the trial court with the intent of pleading guilty to theft by unlawful taking and third-degree forgery. However, after Appellant informed the court that he believed the forgery should be graded as a misdemeanor, the trial court continued the case so that Appellant could speak to his attorney. On April 4, 2002, Appellant proceeded to a bench trial upon stipulated facts. Specifically, the Commonwealth and Appellant stipulated to the facts presented in the affidavit of probable cause and police reports. N.T. 4/4/02 at 5–7. The trial court convicted Appellant of forgery as a third-degree felony and theft by unlawful taking, and the trial court sentenced Appellant to eighteen to thirty-six months in prison for forgery and two years probation for theft by unlawful taking, the sentences to run consecutively. This timely appeal followed. Appellant filed a statement pursuant to Pa.R.A.P.1925(b), and the trial court filed an opinion pursuant to Pa. R.A.P.1925(a).

¶ 4 Appellant's sole issue is that, assuming all of the evidence presented by the Commonwealth is true, the Commonwealth

---

1. 18 Pa.C.S.A. § 4101.

2. 18 Pa.C.S.A. § 3921.

failed to prove that Appellant's conviction for forgery should be graded as a third-degree felony.[3] Specifically, Appellant contends that his signing of the Victim's name on credit card receipts was not a writing purporting to "be a will, deed, contract, release, commercial instrument, or other document evidencing, creating, transferring, altering, terminating or otherwise affecting legal relations." *See* 18 Pa.C.S.A. § 4101(c). We disagree.

¶ 5 Relevant to this case are Subsections (b) and (c) of 18 Pa.C.S.A. § 4101, which provide the following:

**(b) Definition.**-As used in this section, the word "writing" includes printing or any other method of recording information, money, coins, tokens, stamps, seals, credit cards, badges, trademarks, and other symbols of value, right, privilege, or identification.

**(c) Grading.**-Forgery is a felony of the second degree if the writing is or purports to be part of an issue of money, securities, postage or revenue stamps, or other instruments issued by the government, or part of an issue of stock, bonds or other instruments representing interests in or claims against any property or enterprise. Forgery is a felony of the third degree if the writing is or purports to be a will, deed, contract, release, commercial instrument, or other document evidencing, creating, transferring, altering, terminating or otherwise affecting legal relations. Otherwise, forgery is a misdemeanor of the first degree.

¶ 6 While the appellate courts have not yet determined whether forging credit card receipts constitutes a felony of the third degree under Section 4101, we find this Court's decision in *Commonwealth v. Sneddon,* 738 A.2d 1026 (Pa.Super.1999) to be instructive. In *Sneddon,* we held that altering a cash register receipt to obtain a

cash refund in excess of the amount paid for a product is forgery graded as a third-degree felony. We reasoned that the appellant altered a document, a cash register receipt, and that the receipt was a document evidencing or affecting legal relations under 18 Pa.C.S.A. § 4101(c). Specifically, we indicated that a cash register receipt is a writing that evidences a contract for the sale of goods, which is a legal transaction. We concluded that by altering the receipt, the appellant altered the legal relationship between the buyer and seller by changing the consideration paid in the contract.

■■ ¶ 7 In the case *sub judice,* the trial court concluded that Appellant's action of signing the Victim's name to credit card receipts should be graded as a felony of the third degree. We agree and conclude that the credit card receipts constituted "document[s] evidencing, creating, transferring, altering, terminating, or otherwise affecting legal relations." Just as the sales receipt in *Sneddon* created a legal relationship between the buyer and seller of goods, so did the credit card receipts in this case. Appellant's signing of the credit card receipts set forth the contract to pay for the merchandise purchased, however, Appellant clearly had no such intent. Moreover, as the learned trial judge specifically reasoned:

[Appellant] clearly altered the legal relationship between the Victim and his credit card companies by changing the outstanding balances of his credit cards. [Appellant] also created a legal relationship, a contract, between the Victim and the stores involved. A credit card receipt is a signed sales receipt that evidences a contract for the sale of goods between the buyer and seller. When a person signs a credit card slip they are creating a contract, a legal relationship, stating that they will pay the amount indicated

---

**3.** Appellant does not dispute that the evidence was sufficient to sustain his conviction for forgery. He challenges the grading of the offense only. *See* Appellant's Brief at 10.

on the slip. When [Appellant] signed the Victim's name to a credit sales receipt, he made a promise to pay, not personally, but under the name of the Victim.

Trial Court Opinion dated 10/3/02 at 6.

¶ 8 Finally, we find meritless Appellant's argument that the Legislature did not intend the fraudulent signing of credit card receipts to constitute a felony of the third degree under the facts in this case since the Legislature specifically provided for the unauthorized use of credit cards in 18 Pa.C.S.A. § 4106. This argument is based, in part, on Appellant's assertion that he obtained property valued at $450.00 with the credit cards and, under 18 Pa.C.S.A. § 4106(c)(1)(ii), he would be guilty of committing a misdemeanor of the first degree.

¶ 9 This Court has specifically held that presenting a credit card and signing a credit card sales receipt are separate acts. *Commonwealth v. Alexander*, 722 A.2d 698 (Pa.Super.1998); *Commonwealth v. Brown*, 269 Pa.Super. 150, 409 A.2d 108 (1979).[4] This Court has held that an appellant may be convicted under both Sections 4101 and 4106 with regard to his unauthorized use of a credit card. *Id.* As such, regardless of the dollar amount enunciated in Section 4106(c)(1) relating to the unauthorized use of a credit card, we conclude that under Section 4101 an individual may be convicted of a third-degree felony when he fraudulently signs the credit card sales receipt.

¶ 10 Affirmed.

---

**4.** 18 Pa.C.S.A. § 4106 was amended after this Court's decisions in *Alexander* and *Brown*. The amendments changed the title of the Section to "Access device fraud." However, Section 4106 still applies to the situation where a person without authorization uses or attempts to use a credit card issued to another person. In any event, we conclude that the relevant analysis enunciated in *Alexander* and *Brown* is still applicable.