J-S54003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KALHEEM HILL-EL | |
| Appellant | No. 1755 EDA 2014 |

Appeal from the Judgment of Sentence May 16, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009576-2012

BEFORE: BOWES, PANELLA, AND FITZGERALD, *JJ.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 16, 2015**

Kalheem Hill-El appeals from the May 16, 2014 judgment of sentence of seven and one-half to eighteen years incarceration, which was imposed after he was convicted of two counts each of robbery, conspiracy to commit robbery, recklessly endangering another person ("REAP"), terroristic threats, simple assault, and one count each of aggravated assault, persons not to possess a firearm, carrying a firearm without a license, carrying a firearm on the public streets of Philadelphia, possession of an instrument of crime ("PIC"), and related offenses. After careful review, we affirm.

The facts giving rise to Appellant's convictions are summarized from the transcript of the February 28, 2014 non-jury trial, which incorporated the testimony from the suppression hearing on the same day. At

---

* Former Justice specially assigned to the Superior Court.

approximately 11:00 p.m. on July 28, 2012, Elliot Sharpe and Severin Tucker were walking to a friend's house in the area of 46th Street and Kingsessing Avenue in Philadelphia. As they were walking, Appellant passed them on a bicycle, slowed, "took an extended look at" them, pulled his hood up, turned around, and rode back toward them. N.T., 2/28/14, 6-9. As Appellant approached the men, he brandished a silver handgun. *Id*. at 13, 45. His cohort, Stephen Powell, appeared from behind the men and ordered them to sit on the ground. *Id*. at 7-8. Appellant instructed both Sharpe and Tucker to empty their pockets, hand over their belongings, and reveal their personal identification numbers ("PIN") for their bank machine cards. *Id*. at 11. Appellant said they would be harmed if they did not comply. *Id*. The victims gave up their belongings but could not remember their PINs. *Id*. When Mr. Tucker attempted to call for help, Appellant struck him twice in the face with the handgun. Mr. Tucker sustained injury to his lip and two chipped front teeth. *Id*. at 18.

At that time, Sergeant Paul Haye and Officer Anthony Britton of the Philadelphia Police Department were on patrol in an unmarked car due to a high volume of robberies in the area. *Id*. at 63. As they traveled eastbound on Kingsessing Avenue, they noticed Appellant and Stephen Powell standing over two men who were sitting on the ground. *Id*. Believing the event to be a robbery in progress, Officer Britton executed a U-turn and pulled the vehicle alongside Appellant and Powell. *Id*. Sergeant Haye saw what

appeared to be a silver gun in Appellant's hand. *Id*. at 64. After exiting the vehicle, Sergeant Haye detained Powell. Officer Britton chased Appellant, who fled westbound on Kingsessing on his bicycle. *Id*. Sergeant Haye put out flash information on the police radio describing Appellant. *Id*. at 66, 78. Within a minute, Philadelphia Police Officer William Thrasher and his partner observed a man matching the description riding his bike on the 4600 block of Linmore Street, just a few blocks away from the site of the robbery. *Id*. at 78-79, 81. They saw Appellant throw items over a fence into a nearby yard. *Id*. at 79. After detaining the man later identified as Appellant, Officer Thrasher recovered two cell phones from the yard that belonged to the victims. *Id*.

The following day, Philadelphia Police Officer Raymond Baysmore received a call to proceed to 1321 South May Street. *Id*. at 84. A homeowner at that address reported that she found a gun and a wallet in her rear yard. *Id*. The officer recovered a small caliber silver handgun and a wallet containing cards and IDs bearing Severin Tucker's name. *Id*. The yard was located near 4600 Linmore Street where Appellant was arrested and the cell phones were recovered. *Id*. at 85. It was stipulated that the firearm was operable and capable of firing bullets, that Appellant did not have a license to carry it, and that he was a person ineligible to possess a firearm. *Id*. at 87.

Following an unsuccessful motion to suppress, Appellant waived his right to a jury trial and proceeded non-jury. The court below found Appellant guilty as charged and sentenced him to seven and one-half to eighteen years imprisonment. Appellant timely appealed and complied with the court's order to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). He presents the following sufficiency challenge for this court's consideration.

1. Whether the evidence presented at trial was sufficient to convict Appellant of Aggravated Assault, Recklessly Endangering Another Person, Violations of the Uniform Firearms Act § 6105, 6106, and 6108, and Possession of an Instrument of Crime.

Appellant's brief at 3.

In conducting a sufficiency of the evidence review, we examine all of the evidence admitted, even improperly admitted evidence. **Commonwealth v. Watley**, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*). We consider the evidence in the light most favorable to the verdict winner, herein the Commonwealth, drawing all possible inferences from the evidence in its favor. **Id**. When evidence exists to allow the fact-finder to determine beyond a reasonable doubt each element of the crimes charged, the sufficiency claim will fail. **Id**.

The evidence need not preclude the possibility of innocence entirely. The fact finder is free to believe wholly or in part, whatever evidence it chooses. **Id**. Additionally, the Commonwealth may prove its case by

circumstantial evidence alone. It is only when "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances," that the defendant is entitled to relief. *Id*. This Court is not permitted "to re-weigh the evidence and substitute our judgment for that of the fact finder." *Id*.

First, Appellant challenges the sufficiency of the evidence supporting his aggravated assault conviction. A person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S. § 2702(a)(1). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. Appellant argues that he did not cause serious bodily injury and that he lacked the intent to cause serious bodily injury.

Appellant cites *Commonwealth v. Alexander*, 383 A.2d 887 (Pa.Super. 1978), in support of his position. In *Alexander*, the attacker punched his victim once in the face causing injury. The court held that one isolated punch that did not cause serious bodily injury, without more, was insufficient to constitute aggravated assault. In determining whether the defendant intended to cause serious bodily injury, the court identified a number of factors that, if present, could demonstrate such intent. These

factors include: (i) whether the attacker was disproportionately larger than the victim; (ii) whether the attacker was restrained from further escalating his attack; (iii) whether there was a weapon present; and (iv) statements made before and after the attack that would indicate intent to do further harm. *Id*. at 889.

Appellant argues that Mr. Tucker's cut lip and chipped teeth were not serious injuries. Furthermore, according to Appellant, application of the *Alexander* factors does not support a finding of intent to cause serious bodily injury as there was no evidence that the gun was loaded, Appellant was not disproportionately larger than his victims, and Appellant's statements did not indicate any intention to do further harm.

Contrary to Appellant, we find that application of the *Alexander* factors supports the aggravated assault conviction. Appellant does not dispute that a gun was involved, which satisfies one of the *Alexander* factors. Furthermore, the record is silent regarding any size differential between Appellant and his victims. Nonetheless, we believe the presence of a firearm diminishes the importance of that factor. After threatening his victims with injury, Appellant injured Mr. Tucker by striking him in the face with the handgun. Finally, the robbery and assault were ongoing when police intervened.

More recently, in *Commonwealth v. Fortune*, 68 A.3d 980, 984 (Pa.Super. 2013), this Court held that the intent to cause serious bodily

injury for aggravated assault may be inferred from circumstances, conduct, and acts which constitute a "substantial step" towards the infliction of serious bodily injury. Therein the defendant held his victim at gunpoint and threatened to hurt her if she did not relinquish her keys. *Id*. at 986. We upheld the aggravated assault conviction, finding that the acts and circumstances rose above the level of merely pointing a gun at someone, which constitutes simple assault. *Id*. We ruled that the threat, coupled with the pointing of a gun, were circumstances evidencing an intent to cause serious bodily injury.

In the instant case, Appellant held his victims at gunpoint, threatened injury, and struck and injured one of the victims with the gun when he attempted to call for help. Thus, Appellant did not merely point a gun at the two men, but took a substantial step toward the infliction of serious bodily injury. We find this evidence sufficient to support his aggravated assault conviction.

Next, Appellant challenges his REAP conviction. A person commits REAP if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury. 18 Pa.C.S. § 2705. A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. 18 Pa.C.S. § 302.

Appellant contends that he did not recklessly place his victims in any danger because there was no evidence that the gun was loaded. He relies upon *In re Maloney*, 636 A.2d 671, 675 (Pa.Super. 1994), for the proposition that REAP requires "a present ability to inflict death or serious bodily injury by showing that the gun is loaded or the surrounding circumstances are inherently dangerous."

The trial court found this offense to be a lesser-included offense of aggravated assault, and held that the same evidence supporting the aggravated assault conviction supported the REAP conviction. *Commonwealth v. Smith*, 956 A.2d 1029 (Pa.Super. 2008). We agree. This alone is dispositive of Appellant's claim. In addition, Appellant's reliance upon *In re Maloney* is misguided. In that case, we were reviewing the district attorney's refusal to approve a private complaint for REAP, aggravated assault, and terroristic threats based upon the actor pointing a gun at the complainant through the car windshield and ordering him to "Get the f--- out of here." *Id*. at 672. On appeal, we held that the district attorney could properly find the absence of cause to prosecute for REAP on these facts, noting that there was no averment that the gun was loaded. We cited *Commonwealth v. Sanders*, 627 A.2d 183 (Pa.Super. 1993), and *Commonwealth v. Savage*, 418 A.2d 629, 632 (Pa.Super. 1980), for the proposition that the mere act of pointing a gun at another person was not sufficient to support the inference that the actor intended to cause bodily or

serious bodily injury to the complainant. We distinguished **Commonwealth v. Rivera**, 503 A.2d 11 (Pa.Super. 1985) (*en banc*), where the defendant not only pointed a gun at his victims, but also threatened and robbed them. The REAP conviction was upheld even though the Commonwealth did not introduce evidence that the gun was loaded.

The REAP statute does not require a loaded gun. A REAP conviction will be sustained where the circumstances show that Appellant "had an actual present ability to inflict harm and not merely the apparent ability to do so." **Commonwealth v. Cordoba**, 902 A.2d 1280, 1288 (Pa. 2006). Herein, Appellant threatened his victims and then wielded his gun like a club. The fact that the gun was unloaded did not prevent Appellant from using it to beat and injure his unarmed victim. This claim fails.

With regard to Appellant's convictions under the Uniform Firearms Act, 18 Pa.C.S. §§ 6105, 6106 (a)(1), and 6108, Appellant argues that since police did not recover a weapon from him when they arrested him, the evidence was insufficient to prove that he possessed a firearm, an element of each of the three firearms' offenses. Section 6105, persons not to possess a firearm, prohibits those who have been convicted of certain enumerated offenses from possessing a firearm. Section 6106 (a)(1) prohibits one from carrying a firearm on or about his person without a license. Section 6108 provides that "No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in"

Philadelphia. Appellant claims that all three convictions are infirm because the police never stated definitively that it was a gun in Appellant's possession.

We find this argument untenable. Sergeant Haye testified that he saw a silver object that looked like a firearm in Appellant's possession. N.T., 2/28/14, at 64, 78. Officer Baysmore recovered a firearm matching the description provided by the victims and Sergeant Haye, together with cards and IDs belonging to one of the victims, from a yard located near the area where Appellant was apprehended. *Id*. at 78. Most importantly, the two victims testified that Appellant was carrying a silver handgun and that he struck Mr. Tucker in the face with it. *Id*. at 13, 18. This latter testimony alone was sufficient to establish the possession element required for the firearms convictions.

Finally, Appellant disputes the sufficiency of the evidence supporting his PIC conviction under 18 Pa.C.S. § 907(a). That subsection provides that, "A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally." Appellant argues that, under *Commonwealth v. Brown*, 409 A.2d 108 (Pa.Super. 1979), he should have been charged under subsection (b) of that statute as that subsection specifically refers to firearms. Subsection (b) provides that "a person commits a misdemeanor of the first degree if he possesses a firearm or other weapon concealed upon his person with intent to employ it

criminally." 18 Pa.C.S § 907(b). Appellant maintains that, when the same facts that would constitute an offense under one statute also constitute an offense under a second statute, and the first statute is specific and the second statute is general, the first governs where the facts bring the offense within it. *Brown*, *supra* at 153.

As the Commonwealth correctly notes, the rule in *Brown* was abrogated by statute. *See Commonwealth v. Nypaver*, 69 A.3d 708, 714 (Pa.Super. 2013) (holding that "the enactment of 42 Pa.C.S. § 9303 has halted operation of section 1933's 'general-specific' rule of statutory construction in the context of criminal prosecutions"). The applicable law, 42 Pa.C.S. § 9303, provides that "where the same conduct of a defendant violates more than one criminal statute, the defendant may be prosecuted under all available statutory criminal provisions without regard to the generality or specificity of the statutes." Therefore, Appellant's reliance upon *Brown* is misplaced.

We also agree with the Commonwealth that even if the specific-general rule were still in effect, it would not apply herein. Subsection (b) of the PIC statute requires an additional element that is not required in subsection (a) and that was not present in this case, *i.e.*, concealment. Due to this additional element, subsection (b) is an entirely "particular and specific penal provision" which addresses a "distinct subset of circumstances" from that of subsection (a). *See Commonwealth v. Leber*,

802 A.2d 648, 650 (Pa.Super. 2002). There was no evidence in the record that Appellant concealed his firearm with the intent to employ it criminally. On the other hand, there was proof that Appellant possessed an instrument of crime because the victims testified that Appellant used a gun to complete the robbery and to strike Mr. Tucker twice in the face. The evidence was sufficient to sustain Appellant's conviction under subsection (a) of the PIC statute.

After a thorough review of the record, we find no merit in Appellant's contentions and no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2015