No. 16,078.

## THE STATE v. RUNYAN.

PERJURY.—*Claim for Sheep Killed by Dogs.*—*False Affidavit.*—*Under What Statute Claimant Must be Prosecuted.*—A claimant for compensation for the value-of sheep killed by dogs, who makes a false and corrupt affidavit to his claim, can not be prosecuted for perjury under the general statute (section 2006, R. S. 1881) defining that crime, but must be prosecuted under the statute (Elliott's Supp., section 450) providing for the presentation and payment of such claims, and defining the offence of one who falsely swears to such a claim.

From the Adams Circuit Court.

*A. G. Smith*, Attorney General, *G. T. Whitaker*, Prosecuting Attorney, and *J. 7. France*, for the State.

ELLIOTT, C. J.—As we understand the argument of counsel representing the State, they place their asserted right to a reversal of the judgment of the trial court quashing the information upon the sole ground that the information well charges the crime of perjury under the statute defining that crime. Section 2006, R. S. 1881. We also understand from their argument that the court below quashed the information upon the ground that a prosecution against one who makes a false and corrupt affidavit to a claim presented to a township trustee for sheep killed by dogs must be conducted under the statute providing for the presentation and payment of such claims, and defining the offence of one who falsely swears to such a claim. We further understand counsel to concede that, if the only statute under which the appellee can be prosecuted is the statute last named, and not the statute defining the crime of perjury, the information is insufficient. We have thus stated the position of counsel in order that it may be clearly seen that the question—and the only question—we are required to decide is this: Can a claimant for compensation for the value of sheep killed by dogs, who makes a false and corrupt affidavit to his claim,

be prosecuted for perjury under the general statute, or must he be prosecuted under the particular statute which governs the subject of claims against the township trustee in such cases?

The township trustee is not a judicial officer, and he can not sit as a court or exercise the functions of a court. *State, ex rel.*, v. *Noble*, 118 Ind. 350; *Shugart* v. *Miles*, 125 Ind. 445; *Smythe* v. *Boswell*, 117 Ind. 365, and cases cited; *Shoultz* v. *McPheeters*, 79 Ind. 373, and cases cited; *Wilkins* v. *State*, 113 Ind. 514; *Kuntz* v. *Sumption*, 117 Ind. 1, and cases cited.

There was, therefore, no evidence given in a court. There was simply and solely an affidavit made to a claim presented to the township trustee under the statute. That statute reads thus: " The owners of sheep killed or maimed by dogs shall, within ten days from the time thereof, report to the trustee of his township, under oath, in which he shall state the number, age (as he believes) and the value of the sheep so killed, and the damages sustained on account of the maimed; and any person who shall make any false statement of any such matters shall, upon conviction, be fined in any sum not exceeding one hundred dollars, to which may be added imprisonment in the county jail for any term not exceeding thirty days." Elliott's Supp., section 450. It seems quite clear to us that this statute fully defines the offence of one who makes and presents to the township trustee a false affidavit, and that the person who perpetrates such a wrong must be prosecuted under the particular statute. It professes to cover the subject of claims against the township trustee for sheep killed by dogs, and to provide for the punishment of one who falsely swears to a claim. It accomplishes what it professes, and, hence, excludes other statutory definitions of a general nature.

We have given careful study to counsel's argument, which has for its basis the familiar doctrine that repeals by impli-

cation are not favored, but we are unable to perceive its relevancy to the point here in dispute, insomuch as there is here no question as to whether a statute has been repealed, for the question is, what statute applies to a particular class of cases?

It is competent for the Legislature to declare that one who makes a false affidavit to claims of a general class shall be guilty of a designated offence, and to prescribe the punishment for making such corrupt affidavits, and this it has done. As the Legislature has clearly and explicitly defined the specific offence, the guilty person must be prosecuted under the statute which defines the offence and prescribes the penalty.

Judgment affirmed.

Filed Jan. 12, 1892.