Commonwealth *v.* Brown, Appellant.
Commonwealth *v.* Rubin, Appellant.

Argued December 4, 1942. Before Schaffer, C. J.; Maxey, Drew, Linn, Stern and Parker, JJ.

*David Levinson,* with him *Saul C. Waldbaum* and *Philip Dorfman,* for appellants.

*C. Wilson Austin,* Assistant District Attorney, with him *James F. Marx,* District Attorney, for appellee.

OPINION BY MR. JUSTICE MAXEY,* January 4, 1943:

The appellants circulated nomination papers of the Communist Party and made allegedly false affidavits to them. They were arrested and indicted on separate bills of indictment charging, respectively, perjury under the Penal Code of 1939 and violations of the Election Code of 1937. Rubin was convicted on a charge of perjury, on indictment No. 184, December sessions 1940. At a subsequent trial on other indictments, Rubin was convicted of wilfully and corruptly making a false statement under the Election Code. This indictment was No. 204, December sessions, 1940. Rubin was also convicted of perjury on a bill of indictment to No. 205, December sessions, 1940. Brown was convicted on a charge of perjury on an indictment No. 211, December sessions, 1940. All these indictments were based on the affidavits appended to the nomination papers of the Communist Party.

Rubin was sentenced on indictment No. 184, a perjury case, to pay a fine of $100 and the costs of prosecution and to undergo imprisonment in the county prison for not less than one year or more than two years. On the other conviction of perjury, indictment No. 205, Rubin was given a like sentence, which was to run concurrently with the other sentence. On the conviction for violating

---

*Mr. Justice MAXEY became Chief Justice on January 4, 1943, after this opinion was filed.

the Election Code (No. 204) sentence was suspended upon payments of costs. Brown was sentenced on his conviction of perjury to undergo imprisonment in the county jail for not less than four months nor more than one year and to pay the costs of prosecution.

Upon appeal, the Superior Court reversed the conviction of Rubin on the bill of indictment No. 204, December sessions, 1940, Court of Quarter Sessions, Berks County, which charged him with making a false statement in the affidavit required under the Election Code of 1937. The omission of the word "knowingly" from the indictment was held to be fatal. The convictions of Rubin and Brown for perjury were sustained. These appeals followed.

The question before us is: May a defendant who has wilfully and corruptly made a false statement to a nomination paper required under section 1333 of the Election Code of 1937 be prosecuted and convicted of perjury under section 322 of the Penal Code of 1939?

Section 1813 of the Election Code of 1937, P. L. 1333 (see page 1486), provides that "If any person shall knowingly make a false statement in any affidavit required by the provisions of this act, to be appended to or to accompany a nomination petition or a nomination paper, or if any person shall fraudulently sign any name not his own to any nomination petition or nomination paper, or if any person shall fraudulently alter any nomination petition or nomination paper without the consent of the signers, he shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding five hundred ($500) dollars, or to undergo imprisonment of not more than one (1) year, or both, in the discretion of the court." Section 322 of the Penal Code of 1939, P. L. 872, section 322, (see page 896) provides that "whoever wilfully and corruptly makes false oral or written statements . . . before any judge, magistrate or mayor . . . or whoever in taking any oath or affirmation required by any act of assembly of this Com-

monwealth, or in relation to any statement or duty enjoined by law, is guilty of perjury, a felony . . . and on conviction shall be sentenced to pay a fine not exceeding $3000 or undergo imprisonment by separate or solitary confinement at labor not exceeding seven years or both and shall, except as otherwise provided by law, be forever disqualified from being a witness in any matter in controversy."

The question is reduced to this: Did the legislature by enacting the Penal Code intend to supersede the provision of section 1813 of the Election Code or do both applicable sections co-exist or do the penal provisions of the Election Code *exclusively* control prosecutions for making false affidavits to nomination papers? The Superior Court said: "The new Penal Code of 1939 contains many sections dealing with penal provisions taken from, or related to, other general statutes, and there is no compelling or substantial reason why a general penal code prepared for the purpose of consolidating, revising and making uniform the penal laws of the Commonwealth should not, in dealing with such an important subject of the criminal law as perjury, supersede, supplant and unify all prior laws relating to it, even though they may be penal provisions incidental to other codes or general laws." The Superior Court held that prosecution for offenses such as these could be carried on under *both* codes, though a defendant if convicted "can be sentenced on only one indictment."

Section 1101 of the Penal Code of 1939 reads as follows: "Every offense now punishable either by the statute or common law of this Commonwealth and not specifically provided for by this Act, shall continue to be an offense punishable as heretofore." When the Penal Code of 1939 was enacted, the offense of the character now charged against these appellants was "punishable" under an existing statute, to wit, the Act of 1937, and that offense was *not* "specifically provided for" in the Penal Code. The Penal Code of 1939 made no reference

to elections. Section 1813 of the Election Code was *not* expressly repealed by the Penal Code.

Section 63 of the Statutory Construction Act provides: "Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that the effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provisions shall prevail, and shall be construed as an exception to the general provision, unless the general provision shall be enacted later, and it shall be the manifest intention of the Legislature that such general provision shall prevail." We find nothing in the Code of 1939 manifesting a legislative intention that any general provision in that codes "shall prevail" over the specific provisions covering a case like the instant one, in the Election Code of 1937. It is an obvious inference that section 322 of the Penal Code of 1939 was a clause designedly made *general* in its terms so as to provide for cases of wilful false swearing "in relation to any statement or duty enjoined by law", *when such cases were not specifically covered by some other law.* There is no reason why these *general* terms should be made available for the prosecution of these appellants, for the offense charged against them was the offense specifically provided for in section 1813 of the Election Code. It is not to be presumed or inferred that the legislation intended to provide for two different prosecutions for the same identical offense, prosecutions which provide widely divergent penalties in the event of convictions. The *same act* which is made a misdemeanor in the Election Code is made a felony under the Penal Code, if that code is held to be applicable to specific cases such as this. Blackstone in Book 4, section 2, says that "to know with precision what the laws of our country have forbidden, and the deplorable consequences to which a wilful disobedience may expose us, is a matter of universal concern." To hold that defendants charged as were these appellants,

are for the same act, subject to prosecutions under penal provisions of *both* these two separate acts is to eschew the ideal of *precision* in criminal law and criminal penalties which Blackstone holds before us.

In its opinion in this case, the Superior Court quotes from its opinion in *Com. v. Antico et al.,* 146 Pa. Superior Ct. 293, 304, inter alia, as follows: "The Criminal Code of 1939, however, did not specifically repeal section 1813 of the Election Code of 1937, and there is no reason why both provisions, relating as they do to the same act, may not be joined as separate counts in one indictment, just as felonious assault and battery may be joined with simple assault and battery, and larceny may be joined with receiving stolen goods; with the proviso, of course, that in case of conviction, only one sentence may be pronounced upon it." Simple assault and battery and felonious assault and battery are two distinct offenses, the former merges in the latter; and larceny and receiving stolen goods are two distinct offenses, for the acts which constitute one of these does not constitute the other. There is no analogy helpful in this case, between the practice of joining the above cited offenses in one indictment and joining the offense of false swearing in election matters under the Act of 1937 and perjury as defined generally in the Act of 1939, in one indictment. The latter joining can be sanctioned only on the theory that the legislation *intended* that such acts as these charged against the defendants' in this case might be proceeded against under both of *two* penal provisions, which called for entirely different penalties. The question is therefore not one of criminal law pleading but one of the construction of statutes. Our construction is that Section 1813 of the Election Code provides the exclusive legal authority for the prosecution of these defendants for the acts charged. The Penal Code of 1939, which is a reënactment of many of the provisions of the Criminal Code of 1860, including the substance of the provision as to perjury, does not pur-

port to cover the entire field of the criminal law. As above noted, it disclaims any such purpose. The Penal Code of 1939 nowhere refers in any way to the subject of elections.

Section 83 of the Statutory Construction Act reads as follows: "Effect on Re-enactment of intervening Law— A Law which re-enacts the provision of an earlier law shall not be construed to repeal an intermediate law which modified such earlier law. Such intermediate law shall be construed to remain in force and to modify the re-enactment in the same manner as it modified the earlier law." The applicable section of the Election Code is such "an intermediate law" and it is *not* affected by the Penal Code of 1939.

It is the policy of the law not to permit prosecutions under the general provisions of a penal code when there are applicable special penal provisions available.* For example, the Motor Vehicle Code (Act of May 1, 1929, P. L. 905, as amended) provides a penalty for a false name given or a false statement made, "in any application or form required" under its provisions. (See 75 P. S. 231.) This policy of the law has often been judicially recognized. In the case of *Com. v. Peoples et al.,* decided November 23, 1942, we held that misfeasance in public office is not indictable under the common law "where a remedy is provided or duly enjoined, or anything directed to be done by the penal provisions of any act of assembly" unless necessary "for carrying such act into effect". (Citing Penal Code of 1939, P. L. 872, section 1104. See also section 13, Act of March 21, 1806, 4 Smith Laws 326, at page 332.) In *Snitkin v.*

---

* In 18 Purdon's Penna. Statutes Annotated there appears on page 42 under the title "Perjury" the following: "Cross-References. Penalty for false swearing in particular classes of cases, see the various specific titles, such as section 483 of Title 32, Forests, Waters and State Parks; section 1333 of Title 51, Military Affairs; sections 24 and 27 of Title 54, Names." See also Fictitious Names Act of June 28, 1917, P. L. 645, sec. 4 providing penalties for a false oath taken to an application for a certificate of Registration.

*U. S.,* 265 Fed. 489, a defendant charged with obstructing the draft was indicted under the Selective Draft Act and also under the Espionage Act. The Circuit Court of Appeals of the Seventh Circuit held that the two acts were in pari materia, that the same facts which would constitute an offense under one act also constituted an offense under the second act and that the first act being specific and the second act general, the first governs, where the facts bring the offense within it. The Court said: "If the government were conceded the right to elect under which statute it would prosecute, it would probably choose the Espionage Act as authorizing the heavier penalty, but in our judgment the district attorney cannot be permitted to make such an election . . . the question is a judicial one." The Court quoted with approval the following from Black on "Interpretation of Law": ". . . it has come to be an established rule in the construction of Statutes that a subsequent act, treating a subject in general terms, and not expressly contradicting the provisions of a prior specific statute, is not to be considered as intended to affect the more particular and specific provisions of the earlier act, unless it is absolutely necessary so to construe it in order to give its words any meaning at all."

In *U. S. v. Lapp,* 244 Fed. 377, the Court reiterated the principle that general legislation must give way to specific legislation on the same subject and held that the general provisions in a law must be so interpreted as to embrace only cases to which the special provisions, on the same subject are not applicable. The same principle was reiterated in *State v. Runyan,* 130 Ind. 208, 29 N. E. 779, and in *Doyle v. Kirby,* 184 Mass. 409.

We hold that section 322 of the Penal Code of 1939 which treats of perjury generally in its manifold forms does not affect in any way the specific penal provisions of the Election Code of 1937, which relate to violations of that Code, and that any person who is charged with knowingly making false statements in any affidavit re-

quired by that Code to be appended to or accompany a nomination petition or a nomination paper, etc., must be prosecuted under *its* penal provisions and not on a charge of perjury under the Penal Code.

The judgments are reversed; the convictions of these appellants are set aside.