## Commonwealth v. Moyer

*J. Stroud Weber*, district attorney, for plaintiff.
*Wellington H. Rosenberry, Jr.*, for defendant.

FORREST, J., January 19, 1952.—Defendant was charged in two indictments with (1) cheating by fraudulent pretense, and (2) fraudulent conversion. At the trial of the case defendant did not take the stand nor did he adduce any evidence, thus the testimony of the Commonwealth's witness went unchallenged. Viewing the evidence in the light most favorable to it, the Commonwealth proved no more than that the prosecutor, Zwirner, advanced $5,000 on or about July 13, 1950, to defendant under an arrangement whereby defendant agreed to purchase television sets with this advancement and some money of his own, and to sell them in a quick turnover, whereby the prosecutor was to realize a profit of $1,250; that similar deals had been previously entered into between the parties, to their mutual advantage; that defendant purchased the sets but did not account for the proceeds of the sale, if any, or in any way explain why he did not, or could not, except to pay the prosecutor the sum of $1,250, which may have been in the way of profits or return of investment—the latter was not made clear. The prosecuting witness described the arrangement as a "joint venture".

At the close of the Commonwealth's case, defendant demurred to both bills and the trial judge sustained

the demurrer as to the bill charging cheating by fraudulent pretenses and overruled the demurrer to the bill charging fraudulent conversion, so that the case went to the jury on the latter charge only. The jury found defendant guilty. Defendant moved for a new trial, ascribing the usual four reasons and a fifth; namely, that the court erred in not sustaining the demurrer on this indictment also.

Defendant was prosecuted under section 834 of The Penal Code of June 24, 1939, 18 PS §4834, which reads as follows:

"Fraudulent Conversion of Property:

"Whoever, having received or having possession, in any capacity or by any means or manner, of any money or property, of any kind whatsoever, of or belonging to any other person, or which any other person is entitled to receive and have, fraudulently withholds, converts, or applies the same, or any part thereof, or the proceeds or any part of the proceeds, derived from the sale or other disposition thereof, to and for his own use and benefit, or to and for the use and benefit of any other person, is guilty of a felony, and upon conviction thereof, shall be sentenced to pay a fine not exceeding five thousand dollars ($5,000), or to undergo imprisonment not exceeding five (5) years, or both."

If defendant was guilty of any charge, it would seem to be section 835 of The Penal Code of June 24, 1939, 18 PS §4835, which reads as follows:

"Fraudulent Conversion of Partnership, etc., Property:

"Whoever, being a member of a copartnership, corporation or association, without the consent of his associates in such copartnership, corporation or association, wilfully and fraudulently converts to his own use, or takes or makes away with or secretes with intent to convert to his own use, or to the use of another,

or withholds or appropriates or otherwise fraudulently applies or makes use of any money, goods, rights in action, or other valuable securities or effects belonging to such copartnership, corporation or association, and which may have come into his possession or under his care, or wilfully or fraudulently uses or pledges the name of the partnership, corporation or association for any other purpose than the bona fide use of said copartnership, corporation or association, is guilty of a misdemeanor, and shall, upon conviction thereof, be sentenced to undergo imprisonment not exceeding two (2) years, or to pay a fine not exceeding one thousand dollars ($1,000), or both."

It will be noted that section 834 is the general section covering "fraudulent conversion", whereas section 835 has to do with "fraudulent conversion of partnership property, etc." It will be remembered that the arrangement was described as a "joint venture", which would of necessity put the case in the partnership category. This being true, it was improper to charge him under the general section, rather than the specific. Commonwealth v. Brown, 346 Pa. 192, 199 (1943):

"It is the policy of the law not to permit prosecutions under the general provisions of a penal code when there are applicable special penal provisions available."

At first glance this may seem to be a technical position, however, when the two sections are studied in relation to the facts of the case, it becomes more clear that the specific crime concerning partnership property should have been charged, rather than the general crime of fraudulent conversion. In the latter, it makes it a crime to "fraudulently" withhold same, whereas, in the specific section, it is made a crime to merely "withhold or appropriate" the partnership property.

It will be noted that it is not necessary in the latter to prove any "fraudulent" action and it is extremely doubtful whether the Commonwealth has proved that defendant has "fraudulently" withheld anything. There is no proof that defendant actually received the sets, or what happened to them, after they were received; whether he sold them; whether they were taken by the sheriff in execution or destroyed by fire or other casualty, or were stolen from him, or if he sold them, whether he converted the money to his own use. There is no more proof that he converted the money to his own use than that he lost it or that it was stolen from him, etc. The jury will not be permitted to conjecture.

The proof was woefully weak to support the charge under the general section, whereas it would seem to be adequate if the specific section was charged. The demurrer as to indictment 32-1, Commonwealth v. Moyer, charging fraudulent conversion, should also have been sustained.

Previous to the enactment of the Act of June 15, 1951, P. L. 585, sec. 1, and under the circumstances, the court was powerless to do anything else except to order a new trial. This was a cumbersome and inane procedure, and it was especially without purpose when the probata did not come up to the allegata and apparently there was no cure. This act provides:

"Hereafter, in all criminal prosecutions in this Commonwealth in which the jury shall have rendered a verdict against the defendant, the defendant may, in addition to making a motion in arrest of judgment on the grounds that there is error appearing on the face of the record, may make a motion in arrest of judgment on the grounds that the evidence was insufficient to sustain the charge, and if the court, after consideration of the entire record, shall decide that there is not sufficient evidence to sustain the convic-

tion, it shall forthwith discharge the defendant and dismiss the case."

We will treat the motion for new trial as a motion in arrest of judgment.

And now, January 19, 1952, accordingly, defendant, N. Herbert Moyer, is ordered discharged.