J-S85045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
REGINALD SMITH, :
:
Appellant : No. 1045 EDA 2016

Appeal from the PCRA Order March 11, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0013006-2010

BEFORE: PANELLA, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 09, 2017**

Reginald Smith ("Smith"), *pro se*, appeals from the Order dismissing

his first Petition for relief filed pursuant to the Post Conviction Relief Act

("PCRA").[1] We affirm.

On May 31, 2013, in accordance with a negotiated plea agreement,

Smith pled guilty to third-degree murder, carrying a firearm without a

license, and possessing instruments of crime.[2] In accordance with the plea

agreement, the trial court sentenced Smith to an aggregate prison term of

25-50 years. Smith filed no post-sentence motions or a direct appeal from

his judgment of sentence.

Smith filed a *pro se* PCRA Petition on April 28, 2014, and subsequently

filed an Amended Petition. The PCRA court appointed counsel to represent

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2502(c), 6106(a)(1), 907(a).

Smith. Counsel subsequently filed a Motion to Withdraw from representation and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Following a hearing, the PCRA court ordered counsel to review Smith's *pro se* filings and to file either an amended petition or a supplemental no-merit letter. Counsel subsequently filed a supplemental no-merit letter. Following appropriate notice, the PCRA court denied Smith's Petition without a hearing, and granted counsel's Motion to Withdraw. Thereafter, Smith, *pro se*, filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Smith now presents the following claims for our review:

I. Whether the [PCRA] court erred in not correcting an illegal sentence that was rendered in violation of Pa.R.Crim.P[.] 225(d) [(now Rule 560, which pertains to the content of a criminal information)?]

II. Whether the [PCRA] court abandoned the specific/general rule[?]

Brief for Appellant at vi (some capitalization omitted).

As Smith's claims are related, we will address them together. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

J-S85045-16

In his first claim of error, Smith asserts that his sentence is illegal, and in violation of Pa.R.Crim.P. 560. Brief for Appellant at 1, 2. Smith vaguely claims that the trial court lacked subject matter jurisdiction, based upon a deficiency on the face of the criminal information. *Id.* at 1. Smith argues that

> it has become unequivocally clear from the face of the [information[3]] that the Commonwealth either[] (1) [m]ade an absent[-]minded mistake that it arrogantly refuses to correct; or (2) [t]hat it intentionally altered the indictment in such a way that it undermined the rights of the accused, thus making [Smith] unaware of the full nature of the offense before him[,] completely altering the actions necessary to prepare [an] adequate defense, creating a violation of PA. CONST. Art. 1 §§ 9 & 10.

*Id.* at 2 (footnote added). In his second claim of error, Smith identifies the alleged deficiency in the information. According to Smith, the trial court lacked jurisdiction to convict him of third-degree murder, as the information violated the "specific/general rule"[4] by not specifically charging him with third-degree murder. *Id.*

---

[3] Smith appears to confuse the terms indictment and information. Because Smith relies upon a rule governing criminal informations, we will address his claim as a challenge to the criminal information.

[4] The "specific-general rule" refers to a policy enunciated by the Pennsylvania Supreme Court in *Commonwealth v. Brown*, 29 A.2d 793 (Pa. 1943), which provides that "[i]t is the policy of the law not to permit prosecutions under the general provisions of the penal code when there are applicable special provisions available." *Id.* at 796-97; *accord*, *Commonwealth v. Leber*, 802 A.2d 648, 650 (Pa. Super. 2002).

In order to be eligible for relief under any PCRA petition, an appellant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the factors enumerated at 42 Pa.C.S.A. § 9543(a)(2), that the issues raised have not been previously litigated, and that the claims have not been waived. 42 Pa.C.S.A. § 9543(a)(3). ***Commonwealth v. Allen***, 732 A.2d 582, 586-87 (Pa. 1999). A challenge to the jurisdiction of the trial court is cognizable under the PCRA pursuant to 42 Pa.C.S.A. § 9543(a)(2)(viii).[5, 6]

Smith's reliance upon the specific/general rule to challenge the jurisdiction of the trial court is misplaced. The specific/general rule refers to a principle set forth in Section 1933 of the Statutory Construction Act:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. I**f the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision**, unless the general

---

[5] Smith also challenges the legality of his sentence. A challenge to a sentence of greater than the lawful maximum is cognizable under the PCRA pursuant to 42 Pa.C.S.A. § 9543(a)(2)(vii). Smith does not claim that the sentence imposed was greater than the lawful maximum. Rather, Smith ties his legality of sentence challenge to his claim that the trial court lacked jurisdiction over the matter. Consequently, we will address Smith's sentencing claim in the context of his challenge to the trial court's jurisdiction.

[6] Smith's sentence is the result of a negotiated plea agreement. "Upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014).

provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S.A. § 1933 (emphasis added).

Smith overlooks 42 Pa.C.S.A. § 9303, which provides that "where the same conduct of a defendant violates more than one criminal statute, the defendant may be prosecuted under all available statutory criminal provisions without regard to the generality or specificity of the statutes." 42 Pa.C.S.A. § 9303. Thus, Smith's claim has no merit, and we affirm the Order of the PCRA court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2017