J-S01039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JUNIOR RASHEAN JACKSON | : | |
| | : | |
| Appellant | : | No. 1290 MDA 2017 |

Appeal from the Judgment of Sentence January 28, 2016
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0002126-2014

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED MARCH 09, 2018**

Appellant, Junior Rashean Jackson, appeals *nunc pro tunc* from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following his open guilty plea to two counts of possession with intent to deliver a controlled substance ("PWID").[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On October 21, 2015, Appellant entered an open guilty plea to two counts of PWID.  Appellant's convictions stem from an incident on August 19, 2014, in which Appellant possessed with the intent to deliver 8.6 grams of heroin and 11 grams of cocaine.  The court sentenced Appellant on January 28, 2016,

_____

[1] 35 P.S. § 780-113(a)(30),

to 18 to 36 months' imprisonment plus five years' probation for each offense, to run consecutively. Appellant timely filed a post-sentence motion on Monday, February 8, 2016, seeking only Recidivism Risk Reduction Incentive ("RRRI") eligibility, which the court granted on April 5, 2016. Appellant did not file a direct appeal.

On January 30, 2017, Appellant timely filed a *pro se* petition under the Post Conviction Relief Act ("PCRA").[2] In his *pro se* petition, Appellant alleged, *inter alia*: (1) plea counsel was ineffective for failing to move to withdraw Appellant's guilty plea and sentencing counsel was ineffective for failing to object during post-sentence proceedings to preserve a sentencing claim for direct appeal; and (2) plea counsel was also ineffective for misleading Appellant and coercing him to plead guilty where counsel led Appellant to believe that he would receive a lesser, county sentence. Appellant expressly sought reinstatement of his post-sentence rights *nunc pro tunc*, so he could challenge the discretionary aspects of his sentence and validity of his guilty plea. Appellant also filed a *pro se* memorandum in support of his PCRA petition expanding on these claims. In the supporting memorandum, Appellant sought, *inter alia*, withdrawal of his guilty plea and sentencing relief. Appellant also alleged counsel was ineffective for failing to file a direct appeal on Appellant's behalf.

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

The court subsequently appointed counsel, who filed a supplemental petition on July 10, 2017. In the supplemental PCRA petition, Appellant claimed, *inter alia*, that he wrote to counsel on January 29, 2016, requesting counsel to file a direct appeal on his behalf. Appellant insisted counsel was ineffective for failing to seek withdraw of his guilty plea and to object to the imposition of consecutive sentences. Appellant expressly requested reinstatement of his post-sentence and direct appeal rights *nunc pro tunc*.

Notwithstanding Appellant's request, the court restored only Appellant's direct appeal rights *nunc pro tunc*, on July 18, 2017. Appellant timely filed a notice of appeal *nunc pro tunc* on August 10, 2017. On August 15, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on August 29, 2017.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009). ***Anders*** and ***Santiago*** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se*

brief to raise any additional points the appellant deems worthy of review. ***Santiago, supra*** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor ***McClendon***[3] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> *     *     *
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

---

[3] ***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981).

- 4 -

*Id.* at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issue. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

Counsel raises the following issue on Appellant's behalf:[4]

> SHOULD APPELLATE COUNSEL BE GRANTED LEAVE TO WITHDRAW AS COUNSEL BECAUSE ANY APPELLATE ISSUES IN THE INSTANT CASE ARE FRIVOLOUS?

(**Anders** Brief at 2).

Appellant argues: (1) his sentence is illegal because his PWID convictions should have merged for sentencing purposes where they arose from a single criminal act; (2) Appellant's guilty plea was unknowing and

---

[4] Appellant has not responded to the **Anders** brief *pro se* or with newly retained private counsel.

involuntary because the court failed to advise him of the maximum aggregate sentence he could face and that the court could impose consecutive sentences;[5] and (3) the court abused its discretion by imposing consecutive sentences. We disagree.

Generally, "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014) (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file post-sentence motion to withdraw plea). Likewise, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. *Commonwealth v. Griffin*, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013). *See also* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i), (v) (stating post-sentence motion shall be filed no later than 10 days after imposition of sentence).

Where the court reinstates direct appeal rights *nunc pro tunc* based on

---

[5] To the extent Appellant also claims plea counsel was ineffective by coercing Appellant's guilty plea, that claim must await collateral review. *See Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002) (holding ineffective assistance of counsel claims are generally reserved for collateral review).

counsel's ineffectiveness, the defendant is not automatically entitled to reinstatement of his post-sentence rights *nunc pro tunc* as well. ***Commonwealth v. Liston***, 602 Pa. 10, 977 A.2d 1089 (2009). Nevertheless, a PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant successfully pleads and proves he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel. ***Id.*** at 19 n.9, 977 A.2d at 1094 n.9 (noting counsel may be deemed ineffective for failing to file post-sentence motions when claim requires preservation in trial court for purposes of appellate review). ***Compare Commonwealth v. Fransen***, 986 A.2d 154 (Pa.Super. 2009) (holding PCRA petitioner who obtains reinstatement of direct appeal rights *nunc pro tunc* is not entitled to reinstatement of post-sentence rights *nunc pro tunc* if he did not request that relief with PCRA court; appellant's claim that he was entitled to file post-sentence motions and to have benefit of evidentiary hearing warranted no relief where appellant did not plead or prove in PCRA petition that he was deprived of right to file post-sentence motions).

Instantly, Appellant entered an open guilty plea on October 21, 2015, to two counts of PWID. The court sentenced Appellant on January 28, 2016, to consecutive terms of 18 to 36 months' imprisonment plus five years' probation for each offense. Appellant did not file a post-sentence motion seeking to withdraw his guilty plea or challenging the discretionary aspects

of his sentence. Appellant also did not file a direct appeal. Appellant subsequently filed a *pro se* PCRA petition and counseled supplemental PCRA petition, alleging, *inter alia*, plea counsel's ineffectiveness for failing to move to withdraw Appellant's guilty plea, sentencing counsel's ineffectiveness for failing to object during post-sentence proceedings to preserve a sentencing claim for direct appeal, and sentencing counsel's failure to file a direct appeal on Appellant's behalf. In both petitions, Appellant expressly sought reinstatement of his post-sentence motion rights *nunc pro tunc*. Nevertheless, the court restored only Appellant's direct appeal rights *nunc pro tunc*.

Consistent with **Liston** and **Fransen**, Appellant pled that he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel. **See Liston, supra**; **Fransen, supra**. Appellant's petitions made clear he wanted to challenge the validity of his guilty plea and the discretionary aspects of his sentence, so restoration of Appellant's direct appeal rights *nunc pro tunc* without restoration of Appellant's post-sentence motion rights *nunc pro tunc*, was essentially an empty gesture. In light of Appellant's stated intent to challenge the validity of his guilty plea and imposition of consecutive sentences on appeal, the PCRA court should have restored Appellant's post-sentencing rights as well. **See Liston, supra**; **Fransen, supra**. **See also Commonwealth v. Rivera**, 154 A.3d 370 (Pa.Super. 2017) (*en banc*), *appeal denied*, ___ Pa.

___, 169 A.3d 1072 (2017) (affirming PCRA court's reinstatement of appellant's post-sentence motion and direct appeal rights *nunc pro tunc* based on counsel's ineffectiveness for failing to consult with appellant about whether he wanted to file direct appeal; PCRA court properly restored Appellant's post-sentencing rights *nunc pro tunc* because one issue appellant wanted to raise regarding withdrawal of his guilty plea required preservation in trial court).   Under these circumstances, we decline to deem any of Appellant's claims waived for failure to preserve them in a post-sentence motion.   Nevertheless, Appellant did not preserve his discretionary aspects of sentencing claim in his court-ordered Rule 1925(b) statement, so it is waived on that basis.[6]   ***See Commonwealth v. Castillo***, 585 Pa. 395, 888 A.2d 775 (2005) (holding as general rule that issues not raised in Rule 1925(b) statement are waived on appeal).

Regarding Appellant's remaining claims, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Michael J. Barrasse, we affirm those issues on the basis of the trial court's opinion. (***See*** Trial Court Opinion, filed October 16, 2017, at 5-10) (finding: **(1)** facts underlying each of Appellant's PWID

---

[6] Moreover, Appellant's discretionary aspects claim does not present a substantial question.   ***See Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595 (Pa.Super. 2010) (explaining as general rule that court's exercise of discretion in imposing consecutive versus concurrent sentences does not present substantial question; noting that imposition of consecutive sentences raises substantial question in only rare and most extreme cases).

convictions are totally separate and constitute two criminal acts; one conviction involves PWID of heroin; other conviction involves PWID of cocaine; heroin and cocaine are two separate controlled substances; these crimes do not merge for sentencing; **(2)** record belies Appellant's claim that court failed to inform him of potential maximum sentence or that court could impose sentences consecutively; Appellant initialed each page of lengthy written guilty plea colloquy in which he indicated his awareness of crimes to which he pled guilty, elements of those crimes, and maximum penalties he was facing; written guilty plea specifies that maximum sentence for PWID (heroin) is 15 years' imprisonment and for PWID (cocaine) is 10 years' imprisonment, and that aggregate maximum penalty was 25 years' imprisonment; written colloquy also specified that court could impose sentences consecutively; court also conducted oral plea colloquy, at which time Appellant affirmed that his responses in written plea colloquy were true and correct; under totality of circumstances, Appellant knowingly and voluntarily entered guilty plea). Accordingly, Appellant's discretionary aspects of sentencing challenge is waived. Regarding the remaining claims, we affirm on the basis of the trial court's opinion; and, following our independent review of the record, we grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2018



COMMONWEALTH OF : IN THE COURT OF COMMON
PENNSYLVANIA : PLEAS OF LACKAWANNA
: COUNTY
v. :
:
JUNIOR JACKSON : 14 CR 2126

---

## OPINION

### BARRASSE, P.J.

This opinion is filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure and pursuant to the request of the Superior Court. Defendant Junior Jackson (herein after "Defendant") appeals this Court's January 28, 2017, Judgment of Sentence. The Defendant's issues on appeal are as follows:

1. Whether the sentence Appellant received for Count I and Count II is legal since under the law these two crimes should have merged for sentencing purposes since they arise from a single criminal act and all the elements are the same?

2. Whether the Appellant's guilty plea was not knowing and voluntary because he was not advised on the record of the maximum aggregate sentence and was not informed that his sentence could consecutively?

For the following reasons, based on a review of the record and the facts of the case, the Defendant entered a knowing and voluntary guilty plea and was properly sentenced by this Court. Therefore, this Court's January 28, 2017, Judgment of Sentence should be affirmed.

### FACTUAL AND PROCEDURAL HISTORY

Under Docket Number CP-35-CR-0002126-2014, the Defendant was charged with four (4) counts of Possession with Intent to Deliver in violation of 35 P.S. § 780-113(a)(30), one (1) count of Conspiracy – PWID in violation of 18 Pa. C.S.A.§ 903, four (4) counts of Possession in

1

violation of 35 P.S. § 780-113(a)(16), one (1) count of Drug Paraphernalia in violation of 35 P.S. § 780-113(a)(32), and one (1) count of Possession of Marijuana in violation of 35 P.S. § 780-113(a)(31).

These charges stemmed from Defendant's August 19, 2014, arrest following Scranton Police Detectives executing a search warrant upon the apartment in which Defendant lived. **Affidavit of Probable Cause, Detective Munley, August 19, 2014, p. 1**. Scranton Police Detectives made several controlled purchases of narcotics prior to applying for the search warrant of 417 Olive Street, Apartments B and C, Scranton, Pennsylvania, Lackawanna County. **Id.** The Defendant, a male, was taken into custody from Apartment C and Mirandized. **Id.** The Defendant and his female co-defendant both received mail at Apartment C and the apartment contained both male and female clothing. **Id.** The detectives found a black and maroon colored book bag with the front pocket containing two glass bottles, one containing 28 grams and the other containing 25 grams of suspected raw heroin, as well as 17 green zip lock baggies containing approximately 10 grams of suspected cocaine and numerous empty zip lock baggies commonly used to package narcotics. **Id.** The top pocket of the bag contained 12 baggies of approximately 7 g of suspected cocaine, a plastic measuring spoon, and $150.00 U.S. currency. **Id.** "The main pocket of this book bag contained 7 boxes of glassine packets used to package raw heroin, one bottle of Inositol powder which is commonly used to dilute narcotics so that drug dealers can create more product to sell, one box of rubber bands that are commonly used to band heroin bundles and bricks together, two strainers that are used for sifting the narcotics and one stamper pad that is used to stamp glassine packets that heroin is packaged in." **Id. at p. 2**. The detectives also located three plastic baggies containing 116 glassing packets of suspected heroin and $220.00. One hundred (100) of those glassine packets were packaged in bricks. **Id.** The second bag contained 60

2

glassine packets of suspected heroin and $210.00. **Id.** The third contained 33 green zip lock baggies containing approximately 16 grams of crack cocaine and $100.00. **Id.** The Detective then located an additional brick wrapped in magazine paper in the Defendants bedroom. **Id.** The search also yielded $1,000.00 in a men's jacket pocket in the bedroom closet, $659.00 in a wallet in the bathroom, and a bag of approximately 20 grams of suspected marijuana, a digital scale, and six (6) cell phones in a dresser drawer. **Id.** Detectives recovered three (3) additional cell phones in the living room. **Id.**

All drugs and contraband were transported to the Lackawanna County District Attorney's Office and all drugs were field tested for positive results. **Id.**

On October 21, 2015, the Defendant entered a guilty plea to two (2) counts of Possession With Intent to Deliver, one for 8.6 grams of Heroin and one for 11 grams of Cocaine and the remaining charges were nolle prossed. Prior to entering his guilty plea, the Defendant executed a lengthy written plea colloquy form in which indicated his awareness of the maximum penalty he was facing of 25 years' confinement, the elements of the crimes charged, his satisfaction with counsel, and the terms of the plea agreement. **See Written Plea Colloquy, para. 5, 8, 13, 15.** The written plea colloquy specifically indicate the maximum for PWID heroin as 15 years, and PWID Cocaine as 10 years and the aggregate maximum penalty of 25 years. **See Written Plea Colloquy, para. 15 and 15(a).** Further, this Court also conducted an on the record inquiry into the whether the Defendant was entering a knowing, voluntary, and intelligent plea. The Defendant advised the Court that he was aware of the rights he was giving up and the penalties he was facing. **N.T. Guilty Plea, December 30, 2014, at p. 2-3.** After receiving satisfactory responses from the Defendant, this Court accepted the guilty plea. **Id. at p. 5.**

3

On January 28, 2016, this Court sentenced the Defendant to eighteen (18) to thirty-six (36) months' confinement, followed by five (5) years' Special Probation, on each count, consecutive, for an aggregate term of thirty-six (36) to seventy-two (72) months' confinement followed by ten (10) years' Special Probation.

On April 5, 2015, this Court corrected the Defendant's sentence to reflect eligibility for the Recidivism Risk Reduction Incentive with a minimum of thirteen and a half (13.5) months' confinement.

The Defendant did not file a direct appeal. On January 30, 2017, the Defendant filed a *pro se* Petition under the Post-Conviction Relief Act and Terrence J. McDonald, Esq. was appointed as PCRA counsel. In the Defendant's Amended Petition, he asserted that he requested that prior counsel file a direct appeal in writing, but the appeal was never filed. Therefore, the Defendant requested that his direct appeal rights be reinstated.

As such, this Court granted the Defendant's Petition and reinstated the Defendant's right to appeal *nunc pro tunc* on July 18, 2017. The Defendant filed a timely Notice of Appeal to the Pennsylvania Superior Court on August 10, 2017, and complied with this Court's Order for a Concise Statement of Matters Complained on Appeal.

**DISCUSSION**

I. **THIS COURT DID NOT ABUSE ITS DISCRETION NOR IMPOSE AN ILLEGAL SENTENCE AS MERGER FOR SENTENCING PURPOSES WAS NOT APPROPRIATE IN THIS CASE.**

Defendant's first matter raised on appeal asserts that he received an illegal sentence because the charges should have merged for sentencing purposes since they arise from a single criminal act and all the elements are the same. For the following reasons, this Court did not abuse

4

its discretion and the sentence imposed was proper under the law and the facts and circumstances of the case.

Under Pennsylvania law,

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

**42 Pa. C.S.A. § 9765.**

Merger doctrine in Pennsylvania "developed to prevent punishing a defendant more than once for one criminal act." **Commonwealth v. Gatling, 807 A.2d 890, 894 (Pa. 2002) (plurality opinion)(citing Commonwealth v. Brown, 29 A.2d 793, 796 (Pa. 1943)** (to hold that a defendant can be subject to prosecution under different penal provisions for the same act "is to eschew the ideal of precision in criminal law and criminal penalties")).

Regarding merger analysis, the Pennsylvania Courts have stated:

The question of when sentences should merge is not an easy problem, and it excites the advocacy of those favoring stricter against those who favor more lenient sentences. Analytically, the problem concerns whether a single criminal plan, scheme, transaction or encounter, which may or may not include many criminal acts, may constitute more than one crime, and if it may constitute several crimes, whether each criminal conviction may be punished separately or whether the sentences merge.

**Commonwealth v. Healey, 836 A.2d 156 (Pa. Super. 2003) (quoting Commonwealth v. Anderson, 650 A.2d 20, 21, decision modified on denial of reargument, 653 A.2d 615 (1994)).**

The Pennsylvania Supreme Court has clarified the analysis for determining whether convictions should merge for sentencing purposes as follows:

The preliminary consideration is whether the facts on which both offenses are charged constitute one solitary criminal act. If the offenses stem from two different criminal acts, merger analysis is not required. If, however, the event constitutes a single criminal act, a court must then determine whether or not the two convictions should merge. In order for two convictions to merge: (1) the crimes must be greater and lesser-included offenses; and (2) the crimes charged must be based on the same facts. If the crimes are greater and lesser-included offenses and are based on the same facts, the court should merge the convictions for sentencing; if either prong is not met, however, merger is inappropriate.

5

**Commonwealth v. Gatling, 807 A.2d 890, 899 (2002)(plurality)(footnote omitted).**

As such, merger analysis is not appropriate when the offenses charged in a case stem from different criminal acts. "If the offenses stem from two different criminal acts, merger analysis is not required." **Commonwealth v. Healey, 836 A.2d 156, 157–158 (Pa. Super. 2003).** In the context of Possession with Intent to Deliver charges, the Pennsylvania Superior Court has found that the possession of different substances, or separately packaged substances, do not constitute greater and lesser included offenses to merge for sentencing purposes. **Commonwealth v. Roberts, 133 A.3d 759, 773, appeal denied, 145 A.3d 725 (Pa. 2016)** (powder cocaine and crack cocaine, packaged separately and sold separately in the free market).

In this case, merger doctrine is not appropriate. The Defendant entered a guilty plea to two counts under the following statute:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> > (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

**35 Pa. C.S.A. § 780-113(a)(30).**

In this matter, the elements of Possession With Intent to Deliver are obviously identical because the Defendant entered a guilty plea to two counts of the same statutory offense, however, the facts underlying each crime are totally separate and constitute two different criminal acts. Although the initiation of these charges resulted from the execution of the same search warrant, the factual basis for the charges are different. Here, the Criminal Information shows that the Defendant was charged with four (4) counts of Possession With Intent to Deliver (PWID) based on the possession and packaging of four (4) different illegal substances – heroin, raw heroin,

6

cocaine, and crack cocaine. **See Criminal Information. See also, Affidavit of Probable Cause.** The Defendant executed a written guilty plea colloquy form in which he clearly indicated that he was entered a plea to one count of PWID – heroin and one count PWID – cocaine. **See Written Guilty Plea Colloquy at para. 2.** Additionally, the Commonwealth recited two separate allegations, one for the Possession With Intent to Deliver a quantity of heroin and one for the Possession With Intent to Deliver a quantity of cocaine, two which the Defendant individually admitted guilt. **N.T. Guilty Plea, December 30, 2014, at p. 4.** Heroin and cocaine are two separate controlled substances. The Defendant cannot reasonably argue that Possession With Intent to Deliver – Cocaine is a lesser included offense and should merge into Possession With Intent to Deliver – Heroin. As such, the crimes should not have merged for sentencing purposes. Therefore, this Court's January 28, 2016, Judgment of Sentence should be affirmed.

## II. THE RECORD ESTABLISHED THAT THE DEFENDANT'S PLEA WAS KNOWING, INTELLIGENTLY AND VOLUNTARY.

The Defendant's second issue on appeal asserts that the Defendant's plea was not knowing and voluntary because the Defendant was not aware of the aggregate maximum sentence or that his sentences may be ordered to run consecutive. Upon review, the record contradicts the Defendant's claims.

Under Pennsylvania law, prior to accepting a guilty plea, the trial court must make an inquiry into the following:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
(2) Is there a factual basis for the plea?
(3) Does the defendant understand that he or she has the right to trial by jury?
(4) Does the defendant understand that he or she is presumed innocent until found guilty?
(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

7

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

(7) Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally?

**Pa. R. Crim. P. 590, comment.**

This includes the requirement that a defendant not only be advised of the maximum punishment that he might receive, but also that consecutive sentences might be imposed. **Commonwealth v. Mendoza, 730 A.2d 503, 506 (Pa. Super. 1999) citing Commonwealth v. Persinger, 532 Pa. 317, 615 A.2d 1305 (Pa. 1992).** Moreover, Rule 590 provides that nothing in the rule precludes the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings if the written colloquy is supplemented by some on-the-record oral examination. **Pa. R. Crim. P. 590, comment.**

As such, Pennsylvania Courts have found the court's failure to deeply delineate an aspect of the required inquiry during the oral colloquy will not invalidate an otherwise knowing and voluntary plea where the totality of the circumstances demonstrates the defendant's awareness. **Commonwealth v. Morrison, 878 A.2d 102, 107 (Pa. Super. 2005) citing Commonwealth v. Schultz, 477 A.2d 1328 (Pa. 1984); Commonwealth v. Martinez, 453 A.2d 940 (Pa. 1982); Commonwealth v. Shaffer, 446 A.2d 591 (Pa. 1982).** Even if there is an omission or defect in the guilty plea colloquy, the guilty plea will not be deemed invalid if the defendant fully understood the nature and consequences of his plea and then voluntarily and knowingly decided to plead guilty. **Commonwealth v. Yager, 685 A.2d 1000, (Pa. Super. 1996), appeal denied, 701 A.2d 577.**

Moreover, a defendant is bound by the statements made during the plea colloquy. **Commonwealth v. Brown, 48 A.3d 1275, 1277-78 (Pa. Super. 2012) citing Commonwealth v. McCauley, 797 A.2d 920, 922 (Pa .Super. 2001). See Com. v. Moser, 921 A.2d 526, 529 (Pa.**

8

**Super. 2007)** (finding that where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established); **Com. v. Pollard, 832 A.2d 517 (Pa. Super. 2003)** (holding that the defendant is not entitled to a withdrawal of his guilty plea by simply retracting or contradicting his statements made during the colloquy).

In this matter, under the totality of the circumstances the record supports a finding that the Defendant knowingly, voluntarily, and intelligently entered the plea. The Defendant initialed each page and executed a lengthy guilty plea colloquy in which he indicated his awareness of the crimes to which he was pleading guilty, the elements of those crimes, and the maximum penalties he was facing by entering a guilty plea. **See Guilty Plea Colloquy, para. 2, 5, 15, 16.** The written plea colloquy indicated the maximum for PWID heroin as 15 years, and PWID Cocaine as 10 years and the aggregate maximum penalty of 25 years. **Id. at para. 15 and 15(a).** In fact, the relevant portion of the written plea colloquy provided the following with the responses filled in by hand and initialed at the bottom of the page by the Defendant:

15.    Do you understand that the maximum penalty to the charges you are pleading guilty to is: PWID Heroin 15 years & 250,000 fine & PWID Cocaine 10 years & 100,000?

15(a).    If you are pleading guilty to more than one charge, do you understand that the Judge may impose consecutive sentences? Yes
If the answer to the preceding question is yes, state the total sentence that may be imposed on you. 25 years & 350,000

**See Guilty Plea Colloquy, page 3.**

The Defendant also represented to this Court that he understood his absolute right to a jury trial, that he has sufficient time to go over his case with his attorney, and that he was satisfied with the representation of his attorney. **Id. at para. 8, 9.** Moreover, the Defendant set forth that he was not promised anything in exchange for his plea other than the terms of the plea agreement to

9

withdraw the remaining charges and that he was not threatened or coerced into entering the guilty plea. **Id. at para. 13.** Furthermore, prior to accepting Defendant's plea, this Court also conducted an oral plea colloquy on the record at which time the Defendant affirmed that his responses in the written plea colloquy were true and correct. **N.T. Guilty Plea, December 30, 2014, at p. 3.** Additionally, the Commonwealth recited two separate allegations, one for the Possession With Intent to Deliver a quantity of heroin and one for the Possession With Intent to Deliver a quantity of cocaine, two which the Defendant individually admitted guilt. **Id. at 4.** The Defendant further represented awareness of the maximum penalty for each charge. **Id. at 4-5.**

Therefore, under the totality of the circumstances, the Defendant knowingly, intelligently, and voluntarily entered the guilty plea, as established by his execution of the lengthy guilty plea colloquy and affirmations and representations to this Court. As such, this Court's January 28, 2016, Judgment of Sentence should be affirmed.

**CONCLUSION**

Based on the foregoing, this Court's January 28, 2016, Judgment of Sentence should be affirmed.

BY THE COURT:

_____, P.J.
Michael J. Barrasse

CC: Notice of the entry of the foregoing Opinion has been provided to each party pursuant to Pennsylvania Rule of Criminal Procedure 114 by mailing time-stamped copies to the following individuals:

Lisa A. Swift, Esq.
Terrence J. McDonald, Esq.

10